(Nos. 27656-27659, incl.—
No. 27660.—

McGrew Paint & Asphalt Co. *et al.*, Appellants, *vs.*
Francis B. Murphy, Director of Labor, Appellee.

*Opinion filed May 16, 1944—Rehearing denied September 18, 1944.*

JOSEPH G. SLOTTOW, and CHARLES LEVITON, both of Chicago, for appellants.

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The circuit court of Cook county quashed writs of *certiorari* sued out by the plaintiffs, McGrew Paint & Asphalt Co., Railway Paint Company, Dednox, Inc., Insul-Mastic Roofing & Siding Co., and Insul-Mastic Laboratories, Inc., to review assessments of the defendant, the Director of Labor of the State, against them for contributions under the Unemployment Compensation Act, and entered judgments ranging from $54.23 to $7639.85 and costs, in favor of defendant and against plaintiffs.

The Director of Labor, on June 5, 1941, notified four plaintiffs that he had determined they were employers, as defined by section 2(e)(5) of the Unemployment Compensation Act, (Ill. Rev. Stat. 1943, chap. 48, par. 218,) that they were liable for payment of contributions for the periods specified, and that he had assessed the amount of contributions due, together with interest and penalties. Each company filed its written protest and petition for rehearing, making the objection, among others, that section 2(e)(5) violates Federal and State constitutional guarantees. The notice to the fifth corporation, Insul-Mastic Laboratories, Inc., advised the company of the Director's determination that it was an employer, as defined by section 2(e)(2). By its protest and petition for rehearing, this corporation interposed the objection that it was not such an employer as is defined by section 2(e)(2) of the act. No reference to section 2(e)(5) appears in either the notice of determination or the protest and petition for rehearing with respect to the liability of the fifth corporation for contributions. Assessments were made against McGrew Paint &

Asphalt Co., Railway Paint Company, and Dednox, Inc., for the years 1937, 1938, 1939 and 1940, against Insul-Mastic Roofing & Siding Co. for the year 1939 and the first half of the year 1940, and against Insul-Mastic Laboratories, Inc., for the period commencing April 1 and ending December 31, 1940. A stipulation between the Director of Labor and the five corporations contains all the evidence presented upon the hearing before the Director's representative. This stipulation recites the factual situation obtaining with respect to each corporation. McGrew Paint & Asphalt Co. was incorporated December 29, 1933; Dednox, Inc., April 18, 1934; Railway Paint Company, July 9, 1934, and Insul-Mastic Roofing & Siding Co., January 25, 1939. Insul-Mastic Laboratories, Inc., succeeded to all of the assets of Insul-Mastic Roofing & Siding Co. by means other than in the ordinary course of business, and, as the successor corporation, assumed a substantial amount of its predecessor's obligations, acquired its good will, and continued its business in the same establishment. According to the stipulation "said corporations were, from the date of their incorporation and throughout the periods included in the Director's determinations and assessments, controlled either directly or indirectly by legally enforceable means or otherwise by one O. V. McGrew; that each of said corporations, if treated as a single employing unit together with the other corporations had in its employment a sufficient number of persons to constitute it an employer liable for the payment of contributions under section 2(e)(1) of the Illinois Unemployment Compensation Act." No one of the corporations, from the period of its incorporation throughout the period covered by the Director's determinations and assessments, employed in its individual corporate capacity a sufficient number of persons to render it liable for contributions as an employer under the provisions of section 2(e)(1)(A) or (B). If the cor-

porations are liable for contributions, the amount of the assessments is conceded to be correct. O. V. McGrew owns a majority of the shares of stock of each of the four corporations against whom assessments were made pursuant to section 2(e)(5). He is a minority shareholder in Insul-Mastic Laboratories, Inc., owning 247 of its 1000 outstanding shares. The Director's representative filed his report finding that each of the five corporations was an employer liable for payment of contributions and the resultant assessments for the respective periods; that all the corporations were employers liable for payment of contributions under the provisions of section 2(e)(5) of the Unemployment Compensation Act; that he was without authority to pass upon the contentions challenging the constitutional validity of section 2(e)(5), and, since the corporations were employers and liable for the taxes assessed, affirmed the determinations and assessments of the Director. Thereafter, the Director of Labor made his decision overruling the objections of the corporations and adopted the report of his representative. The circuit court, in turn, affirmed the decision of the Director of Labor as to each corporation and rendered judgments against plaintiffs and in favor of defendant. Separate appeals by plaintiffs followed. We have consolidated the causes for consideration and opinion.

Plaintiffs contend that the judgments rendered against them can not stand, since no one corporation, considered alone, employed a sufficient number of persons to render it liable as employer under the Unemployment Compensation Act, and that the record is barren of facts to sustain the conclusion grouping them together and construing them as a unit. The stipulation discloses that O. V. McGrew owns a majority of the shares of stock in four corporations, but less than twenty-five per cent of the shares of the fifth, Insul-Mastic Laboratories, Inc. Accordingly, plaintiffs urge that if the corporation last named be ex-

cluded from consideration, a factual basis is lacking for the conclusion that the other four corporations had sufficient employees, for the periods in controversy, calculated collectively, to bring them under the statute. Defendant, to sustain the judgments, maintains that McGrew's ownership of the majority of the outstanding shares of four of the corporations constitutes control, as to them, within the contemplation of section 2(e)(5). To sustain the judgment against Insul-Mastic Laboratories, Inc., defendant insists that it became an employer liable for the payment of contributions by reason of its succession to all the assets of Insul-Mastic Roofing & Siding Co., under section 2(e)(2) of the Unemployment Compensation Act.

The question of the liability of Insul-Mastic Laboratories, Inc., will receive initial consideration. In the light of the conceded facts concerning the dates of incorporation, the issues made by the notices of determination, on the one hand, and the protests and petitions for rehearing on the other, it is apparent that the words "said corporations" in the portion of the stipulation previously quoted refer, first, to the coexistence of three corporations in 1937 and 1938 and to the coexistence of four corporations in 1939 and the first six months of 1940. Insul-Mastic Laboratories, Inc., the fifth corporation, so far as the record before us discloses, has never been deemed an employer liable for the payment of contributions under section 2(e)(5). As recounted, it was charged with liability in the first instance under section 2(e)(2), (Ill. Rev. Stat. 1943, chap. 48, par. 218,) which provides that "Employer" means: "Any individual or employing unit which succeeded to the organization, trade or business of another employing unit which at the time of such succession was an employer, and any individual or employing unit which succeeded to the organization, trade or business of any distinct severable portion of another employing unit, which portion, if treated as a separate employing unit, would have been, at the time

of the succession, an employer under paragraph (1) of this subsection." This corporation answered, denying its liability under section 2(e)(2), and the stipulation containing all the evidence adduced upon the hearing before the Director's representative affirmatively discloses that it succeeded, for all practical purposes, to all the assets of Insul-Mastic Roofing & Siding Co. by means other than in the ordinary course of business. In short, there is no basis in the notice, the protest, or the stipulation of facts for the conclusion of the Director's representative that Insul-Mastic Laboratories, Inc., is liable for contributions for three fourths of the year 1940 under section 2(e)(5). It follows, necessarily, that the decision of the Director of Labor affirming the report of his representative and, likewise, the judgment of the circuit court affirming the decision of the Director is erroneous. Indeed, defendant, in his brief, states that he "has never and does not now contend that appellant, Insul-Mastic Laboratories, Inc., was or is a liable employer under section 2(e)(5) of the act." Even though the record warranted a finding by the representative that this corporation was liable under section 2(e)(2), no such finding was made. The judgment against it for $78.25 must be reversed.

The decisive question presented, so far as the other four corporations are concerned, is whether they are liable for contributions under section 2(e)(5) which ordains: "Any employing unit which together with one or more other employing units, is owned or controlled, directly or indirectly, by legally enforceable means or otherwise, by the same interests, or which owns or controls one or more other employing units directly or indirectly, by legally enforceable means or otherwise, and which if treated as a single unit with such other employing units or interests or both would be an employer under paragraph (1) of this subsection." (Ill. Rev. Stat. 1943, chap. 48, par. 218.) The manifest purpose of the stipulation incident to the

number of employes was to eliminate a detailed narration showing that, for the years 1937 and 1938, McGrew Paint & Asphalt Co., Railway Paint Company and Dednox, Inc., considered as a single employing unit, had in employment eight or more individuals on some portion of a day within each of twenty or more calendar weeks; that, for the year 1939, the three corporations named and Insul-Mastic Roofing & Siding Co., considered as a single employing unit, had in employment eight or more individuals; that, for the first two quarters of 1940, the four corporations, again considered as a unit, had in employment six or more individuals, and that, for the third and fourth quarters of 1940, McGrew Paint & Asphalt Co., Railway Paint Company, and Dednox, Inc., as one unit, had in employment six or more persons. *Moriarty, Inc.* v. *Murphy,* 387 Ill. 119, decided this day, holds that the manifest legislative intent reflected in the quoted statutory provision is to prevent evasion of the law by dividing a business having the required employment experience to bring it within the statute into smaller units each having less than the minimum requirements; that a common ownership of interest is not sufficient to warrant the union and treatment of separate employers as a single unit, and, specifically, that the words "owned or controlled" in section 2(e)(5) must be construed to mean "owned and controlled" to render effective the intention of the legislature. We hold here, as there, that neither ownership nor control is, alone, the test of whether two or more separate employing units shall be treated as a single unit. Ownership is evidence of actual common control, but it is not synonymous with, nor the same as, common control. The stipulation recites that each corporation is controlled either directly or indirectly by legal and enforceable means by O. V. McGrew, and, further, that he owns a majority of the shares of stock of each of the four corporations in question. The elements of ownership and control are both present and admitted.

Plaintiffs strenuously insist, however, that the portion of the stipulation to the effect that the corporations are controlled by McGrew is a conclusion of law not binding upon the parties. *Nat. Bank of Colchester* v. *Murphy,* 384 Ill. 61, relied upon by plaintiffs does not aid them. There, the examiner who arrogated to himself the role of both trial examiner and attorney for the Director injected into the stipulation of facts the statement that the three banks involved "were owned and controlled by the same interests," and added that the sole issue was the validity of the applicable section of the Unemployment Compensation Act, as applied to the facts in the case. Upon appeal, we declared that the statement of the examiner in the stipulation with respect to the only question involved was merely an expression of his opinion or conclusion as to a question of law, and, likewise, that his statement relative to the ownership and control of the banks by the same interests was merely his conclusion and that, consequently, his statement was no part of the stipulation of facts. Here, the statement that O. V. McGrew controlled all the corporations is a plain statement of fact, evidently included in the stipulation to obviate the necessity of taking proof on this point of the character described in *Moriarty, Inc.* v. *Murphy,* 387 Ill. 119, namely, that whether actual joint control of the units evidencing a unification in the management and formation of policies of each employer is present is to be determined from a consideration of these pertinent factors, among others, namely, the character of the business in which each employer is engaged, the relation of one to the other, their respective locations, the ownership of interests and the management of the business of each. For reasons best known to the corporations, they were willing to admit that McGrew controlled them. Moreover, it is agreed that McGrew owns a majority of the shares of each of the four corporations against whom contributions were sought under section 2(e)(5).

We thus have a concession by parties competent to make it that they were owned and controlled by a named individual. This, we hold, is a binding stipulation of fact. When the four corporations were served with notice of the Director's determinations and assessments, they could have admitted liability under section 2(e)(5) and paid the amounts sought had they so desired. We perceive no reason why, upon the record made, they could not also agree that, if section 2(e)(5) as applied to them, was constitutional, they would be liable for contributions. Indeed, the principal attack by the four corporations against the assessments was predicated upon the constitutional validity of section 2(e)(5), as applied to the factual situations present. We hold that the corporations, other than Insul-Mastic Laboratories, Inc., are liable for contributions under section 2(e)(5), not upon the ground advanced by defendant, namely, that McGrew's ownership constituted control but, instead, for the reason that the agreed facts conclusively demonstrate that McGrew owned and controlled each of these four companies, within the contemplation of section 2(e)(5).

With the exception of Insul-Mastic Laboratories, Inc., plaintiffs have maintained throughout the course of the proceedings that section 2(e)(5) of the Unemployment Compensation Act, as applied to the facts here, transcends section 1 of the fourteenth amendment to the Federal constitution and section 2 of article II of our constitution. The additional contention is made that the words "controlled * * * by the same interests" have no common-law meaning and are so vague that the section must fail for the want of certainty. The constitutional issues presented and argued by the parties have been decided adversely to plaintiffs in *Zehender & Factor, Inc.* v. *Murphy*, 386 Ill. 258. Upon the authority of this decision, plaintiffs' attack upon the validity of section 2(e)(5) is rejected.

250

The judgment against Insul-Mastic Laboratories, Inc. is reversed and the cause remanded to the circuit court of Cook county, with directions to quash the record of the Director of the Department of Labor, and the other four judgments are each affirmed.

Nos. 27656-57-58-59. *Judgments affirmed;*
No. 27660. *Reversed and remanded, with directions.*