COMMONWEALTH *vs.* FRANK ROBERTS.

Worcester.   May 23, 1893. — June 21, 1893.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Public Schools — Instruction of Children — Statute — Burden of Proof.*

If the person having a child under his control, instead of sending him to a public school or to a private day school approved by the school committee, prefers to have him instructed otherwise, it is incumbent on him, in order to escape the penalty imposed by St. 1890, c. 384, to show that the child has been instructed for the specified period in the required branches of learning, unless the child has already acquired them; and on a complaint alleging a violation of the provisions of the statute, the defendant may show that for a like period of time with the period alleged in the complaint, during the time alleged in the complaint, the child had been instructed in a private day school not approved by the school committee in the branches of learning required by law to be taught in the public schools.

COMPLAINT, under St. 1890, c. 384, alleging that the defendant on September 1, 1890, and from that day continually to November 5, 1891, at Fitchburg, "did have under his control a child between the age of eight years and fourteen years, to wit, Mary Roberts of the age of eleven years, and then and there and during all of said time did neglect to cause said child to attend any public day school at said Fitchburg for at least twenty-eight weeks during the school year, the said public schools of said Fitchburg being kept open that length of time during said time, and the

said child not having attended for a like period of time a private day school approved by the school committee of said Fitchburg, and said child not having been otherwise instructed for a like period of time in the branches of learning required by law to be taught in the public schools, and said child not having already acquired the branches of learning required by law to be taught in the public schools, and said child's physical and mental condition not being such as to render such attendance inexpedient or impracticable."

Trial in the Superior Court, before *Bishop*, J., who reported the case for the determination of the Supreme Judicial Court, in substance as follows.

It was proved " that at the time alleged in the complaint the defendant had under his control a daughter named Mary Roberts, between the ages of eight and fourteen years, and that he neglected to cause her to attend a public day school in said Fitchburg at the time and for the period of time alleged in the complaint, public day schools of said Fitchburg being kept open in said Fitchburg for that period of time during the time alleged in the complaint."

The defendant offered to show that for a like period of time with the period alleged in the complaint, during the time alleged in the complaint, the said Mary Roberts had been instructed in the branches of learning required by law to be taught in the public schools in a private day school not approved by the school committee of said Fitchburg, application to approve said private day school having been made to said school committee and refused ; and asked the judge to rule that these facts, if proved, brought the case within the exceptions mentioned in the statute. The judge declined so to rule, and excluded the evidence.

The jury returned a verdict of guilty. If the evidence offered should have been omitted, the verdict was to be set aside ; otherwise it was to stand.

*W. S. B. Hopkins & T. F. Gallagher*, (*F. B. Smith* with them,) for the defendant.

*F. A. Gaskill*, District Attorney, for the Commonwealth.

ALLEN, J. The penalty imposed by St. 1890, c. 384, is not incurred " if such child has attended for a like period of time a private day school approved by the school committee of such city

or town, or if such child has been otherwise instructed for a like period of time in the branches of learning required by law to be taught in the public schools, or has already acquired the branches of learning required by law to be taught in the public schools." The words, "if such child has been otherwise instructed for a like period of time in the branches of learning required by law to be taught in the public schools," were first enacted in St. 1889, c. 464, by way of substitution for the words, " if such child has been otherwise furnished for a like period of time with the means of education," which words were in the earlier statutes. Pub. Sts. c. 47, § 1. St. 1873, c. 279, § 1. Gen. Sts. c. 41, § 1.

The great object of these provisions of the statutes has been that all the children shall be educated, not that they shall be educated in any particular way. To this end public schools are established, so that all children may be sent to them unless other sufficient means of education are provided for them. If a child has in any manner already acquired the branches of learning required by law to be taught in the public schools, the law does not compel any further instruction. If he has not acquired them, the law requires that he be instructed in them for the specified time each year. Sending a child to a private day school approved by the school committee is enough to comply with the requirement of the law, without further inquiry. The Pub. Sts. c. 47, § 2, prescribe what private day schools may be so approved. But if the person having a child under his control, instead of sending him to a public school or to a private day school approved by the school committee, prefers to have him instructed otherwise, it will be incumbent on him to show that the child has been instructed for the specified period in the required branches of learning, unless the child has already acquired them. This permits instruction in those branches in schools or academies situated in the same city or town, or elsewhere, or instruction by a private tutor or governess, or by the parents themselves, provided it is given in good faith and is sufficient in extent. If the school committee has not approved of a particular school, or has expressly refused to approve of it, then the person having control of a child, if he sends the child to that school, must take the responsibility of being able to prove that he has been suffi-

ciently and properly instructed there. He has no such responsibility if he sends the child to a private day school approved by the school committee.

The evidence which was excluded should have been admitted.

*Verdict set aside.*