# Wytheville.

NORTHROP AND WICKHAM, RECEIVERS, *v.* CITY OF RICHMOND
(Smithdeal College Case).

June 14, 1906.

1. STREET RAILWAYS—*Reduced Rates—Construction of Ordinance— "Pupils in Some School."*—The words, "pupils in some school," in a city ordinance requiring a street railway company to furnish such persons reduced transportation under certain conditions, will not be restricted to pupils attending institutions of a subordinate character which teach elementary learning, where it appears that, when the franchise was granted the company in its proposal used the words "children going to and returning from school," and they were stricken out by the city council and the words "pupils in some school" substituted in their place, and where it appears that for a number of years after the franchise was granted the company did not so restrict them, but accorded the reduced rates to pupils attending a business college.

2. CONTRACTS—*Construction—Practical Construction.*—Where the proper construction of the language of a contract is doubtful and the parties themselves have in practice adopted a particular construction, the courts will adopt that construction.

3. PENAL STATUTES—*How Construed.*—While penal statutes are to be strictly construed, yet the intention of the Legislature must govern in the construction of penal as well as other statutes, and they are not to be construed so strictly as to defeat the obvious intention of the Legislature. It is the duty of courts to adopt that sense of words which harmonizes best with the context and promotes in the fullest manner the apparent policy and objects of the Legislature.

Error to a judgment of the Hustings Court of the city of Richmond in prosecution for violation of a city ordinance. Defendants, having been found guilty, assign error.

*Affirmed.*

The opinion states the case.

*Munford, Hunton, Williams & Anderson* and *A. B. Guigon,* for the plaintiffs in error.

*H. R. Pollard,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

A warrant was issued by the police justice of the city of Richmond, charging William Northrop and Henry T. Wickham, as receivers of the Richmond Passenger and Power Company, with the violation of an ordinance of the city requiring the Passenger and Power Company to place on sale at convenient points within the city of Richmond tickets to be sold and delivered to pupils presenting certificates of enrollment in the Smithdeal Business College, a school located in the city of Richmond, at the rate of two for five cents, to be used between the hours of 8 A. M. and 4 P. M., from Monday to Friday, inclusive, which ordinance was approved December 23, 1899.

The receivers appeared, and a fine of $25.00 and costs was imposed upon them. From this judgment they took an appeal to the Hustings Court of the city of Richmond, where the judgment of the police justice was affirmed; and to that judgment a writ of error was awarded by this court.

The ordinance of the city of Richmond which controls this case is as follows: "And the said company shall place on sale at convenient points within the city of Richmond tickets to be sold and delivered to pupils presenting a certificate of enrollment in some school, at the rate of two for five cents, to be used only between the hours of 8 A. M. and 4 P. M., from Monday to Friday, inclusive."

The plaintiffs in error are charged with a violation of this ordinance because they refused to sell the tickets for which it provides to a pupil duly enrolled in Smithdeal Business College, which is located in the city of Richmond, the contention of the Passenger and Power Company being that the descriptive terms used in the ordinance, "pupils . . . in some school," do not embrace students attendant upon a college, but that in their usual and ordinary acceptation the words "pupils in some school," refer to institutions of a subordinate character which teach elementary learning, in distinction from places for more advanced instruction, which take distinctive names, such as academy, college, high school, seminary, university. Wharton's Law Dic. Or, accepting Webster's definition, a school is a place of primary instruction, an establishment for the instruction of children; as a primary school, a common school, a grammar school.

This position, taken in connection with the provisions of the ordinance which limit the hours and the days upon which the tickets are to be sold at the reduced rate, would be entitled to great weight but for two considerations.

In the franchise granted by the city on the 28th of August, 1895, to the Richmond Traction Company, the sale of school tickets was provided for as follows: "And said company shall place on sale for the accommodation of children going to and from school, tickets at half rates, to be used only between the hours of 8 A. M. and 4 P. M., from Monday to Friday, inclusive." This language was offered by the Richmond Passenger and Power Company to the council of the city for adoption in the ordinance under which its franchises are held; but the council refused to incorporate that language in the franchise granted to the Passenger and Power Company, and embodied in the ordinance the provision as it now stands and under which the prosecution took place.

The ordinance as it exists is much broader in its terms and more favorable to the city than that which was proposed by the Passenger and Power Company for adoption; indeed, if the ordinance had been adopted in the terms in which it was offered by the Passenger and Power Company, it would have been plain and unambiguous, and would have excluded the class of persons who are now insisting upon its benefits as it was adopted, for the phrase "children going to and from school" would, without doubt, have referred to young people in attendance upon institutions of a subordinate character, and in common acceptation would have embraced only places of primary instruction and establishments for the instruction of children. But "pupils" is a word of much broader signification, and the council doubtless preferred it and insisted upon its substitution in the place of the word "children" with the intention that it should embrace classes of young persons receiving instruction at more advanced institutions of learning, who would not be aptly described as "children going to and from school."

The other consideration to which we refer is, that pupils of this institution had been granted the privilege of using half rate tickets, until the fall of 1903, when the company made a rule by which they were denied the privilege theretofore enjoyed, and by which they were not permitted to purchase or use the half-rate tickets.

It cannot be said that the view insisted upon by the plaintiffs in error is so plain and unambiguous as to render a resort to rules of construction unnecessary. The ordinance adopted, taken in connection with that which was proposed by the Passenger and Power Company and rejected by the city when the franchise was granted, leaves in very great doubt, to say the least, whether the broad construction insisted upon by the city, or the narrow construction placed upon the language by the

other party to the contract, should be adopted. It is the duty of courts to get at the true intent of the parties to the contract, and it is a recognized and accepted canon that where the construction is doubtful, it is proper to look to the construction which the parties themselves have placed upon the contract. What more natural, indeed, than that the courts, in order to ascertain the intention of the parties, should seek for light in the construction which the parties themselves have placed upon the language which they have seen fit to employ. This ordinance was granted by the city to the Passenger and Power Company in December, 1899, and the use of half-rate tickets was enjoyed by the pupils of the Smithdeal Business College until the fall of 1903. See *Va. Pass. & Power Co.* v. *Com'th,* 103 Va. 644, 49 S. E. 995; *Vincennes* v. *Citizens Gas Light Co.,* (Ind.) 31 N. E. 573, 16 L. R. A. 485; Page on Contracts, sec. 1126; *Smith* v. *Bryant,* 100 Va. 199, 40 S. E. 652; *City of Chicago* v. *Sheldon,* 9 Wall. (U. S.) 50, 19 L. Ed. 594.

As to rules governing the construction of penal statutes, see *Johnson* v. *So. Pac. Co.,* 196 U. S. 1, 25 Sup. Ct. 158, 49 L. Ed. 363; and *U. S.* v. *Lacher,* 134 U. S. 624, 10 Sup. Ct. 625, 33 L. Ed. 1080, where it is said, that "though penal laws are to be construed strictly, yet the intention of the Legislature must govern in the construction of penal as well as other statutes, and they are not to be construed so strictly as to defeat the obvious intention of the Legislature."

Speaking of penal statutes, Mr. Justice Story, in *U. S.* v. *Winn,* 3 Sumner 209, says: "Where a word is used in a statute, which has various known significations, I know of no rule that requires the court to adopt one in preference to another, simply because it is more restrained, if the objects of the statute equally apply to the largest and broadest sense of the world. In short, it appears to me that the proper course in all these cases is to search out and follow the true intention of the Legislature, and

to adopt that sense of the words which harmonizes best with the context, and promotes in the fullest manner the apparent policy and objects of the Legislature."

We are of opinion that the judgment should be affirmed.

*Affirmed.*