[No. 9732. Department Two. July 19, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v. F. B. COUNORT, *Appellant*.[1]

SCHOOLS AND SCHOOL DISTRICTS—OFFENSES—COMPULSORY ATTEND-ANCE—INFORMATION—SUFFICIENCY. An information for violation of the school law providing for compulsory attendance of children of school age in the public school of the district for the full term, or in a private school for the same term, is not defective in that it charges the neglect to cause the children to attend the public school or an "approved" private school, where the gist of the offense was in the failure to attend any school, public or private, and the information clearly charges such offense.

SAME—DEFENSES—HOME INSTRUCTION. It is no defense to a prosecution for violating the school law requiring parents to cause their children of school age to attend the public school of the district or a private school, that the parent is experienced and qualified as a teacher and gave private instruction to his own children at his home; such home instruction not being attendance at a private school within the meaning of the law, where he did not maintain a private school at his home as determined by the purpose, intent, and character of the endeavor.

APPEAL—REVIEW—HARMLESS ERROR. Error cannot be predicated upon sustaining an objection to two questions because united as one, one of which was improper, where appellant did not avail himself of an opportunity to sever the questions.

[1]Reported in 124 Pac. 910.

.. Appeal—Preservation of Grounds—Exceptions. ·One general
exception to "each and every" of the instructions is insufficient to
secure a review of error in the instructions.

Appeal from a judgment of the superior court for Spo-
kane county, Sullivan, J., entered February 27, 1911, upon
a trial and conviction ·of violating the school law for com-
pulsory attendance. Affirmed.

*Donald Downie* and *Moye Wicks*, for appellant.

*John L. Wiley, Geo. R. Lovejoy,* and *M. E. Jesseph,* for
respondent.

Morris, J.—Appellant was convicted of a violation of the
school law in neglecting and refusing to cause his children,
between the ·ages of eight and fifteen years, to attend the
public school of the district in which he resides, or any ap-
proved private school, without obtaining an excuse for such
failure and neglect to attend, from the county superintendent
of schools. From such conviction he appeals.

The first error assigned is that the information does not
charge a crime. The statute under which the information is
drawn is Rem. & Bal. Code, § 4714:

"All parents, guardians and other persons in this state
having or who may hereafter have immediate custody of any
child between eight and fifteen years of age (being between
the eighth and fifteenth birthdays), . . . shall cause such
child to attend the public school of the district, in which the
child resides, for the full time when such school may be in
session or to attend a private school for the same time, unless
the superintendent of the schools of the district in which the
child resides, if there be such a superintendent, and in all
other cases the county superintendents of common schools,
shall have excused such child from such attendance because
the child is physically or mentally unable to attend school
or has already attained a reasonable proficiency in the
branches required by law to be taught in the first eight grades
of the public schools of this state as provided by the course
of study of such school, or for some other sufficient reason.
Proof of absence from public schools or approved private

school shall be *prima facie* evidence of a violation of this section."

If we understand the objection made to the information, it is in the use of the word "approved," in charging the neglect or refusal to permit the children to attend an "approved private school." We can see no objection to the use of this word. The statute does not, in the first instance, provide that the private school shall be an approved one. The gist of the offense is in the failure to attend any school, either public or private, without having obtained an excuse for such failure from the superintendent of schools. The information clearly charges this refusal, and is sufficient.

The main assignments of error are in the admission and rejection of testimony, and as they all go to the same contention, they may be discussed together. The theory of appellant in this connection is that it would be a defense to this charge to show that he is experienced as a teacher and qualified to teach all branches required to be taught in the public schools of this state, and that he maintains a private school at his home for the instruction of his own children. We have no doubt many parents are capable of instructing their own children, but to permit such parents to withdraw their children from the public schools without permission from the superintendent of schools, and to instruct them at home, would be to disrupt our common school system and destroy its value to the state. This statute recognizes that adequate private schools may be maintained in any district to which parents may send their children without any violation of the law, and it would be a good defense to show attendance at such private school for the required time. We do not think that the giving of instruction by a parent to a child, conceding the competency of the parent to fully instruct the child in all that is taught in the public schools, is within the meaning of the law "to attend a private school." Such a requirement means more than home instruction; it means the same character of school as the public school, a regular, or-

ganized and existing institution making a business of in-
structing children of school age in the required studies and
for the full time required by the laws of this state. The only
difference between the two schools is the nature of the insti-
tution. One is a public institution, organized and main-
tained as one of the institutions of the state. The other is
a private institution, organized and maintained by private
individuals or corporations. There may be a difference in
institution and government, but the purpose and end of both
public and private schools must be the same—the education
of children of school age. The parent who teaches his chil-
dren at home, whatever be his reason for desiring to do so,
does not maintain such a school. Undoubtedly a private
school may be maintained in a private home in which the
children of the instructor may be pupils. This provision of
the law is not to be determined by the place where the school
is maintained, nor the individuality or number of the pupils
who attend it. It is to be determined by the purpose, intent
and character of the endeavor. The evidence of the state
was to the effect that appellant maintained no school at his
home; that his two little girls could be seen playing about
the house at all times during the ordinary school hours. No
effort was made to refute this testimony. Appellant seemed
to be impressed with the belief that, if he was a competent
and qualified teacher and gave instruction to his children at
his home, he maintained a private school within the meaning
of the law. Such is not a compliance with the law.

We find no error in any ruling of the court upon ques-
tions propounded to witnesses for the state upon cross-ex-
amination. What has been said disposes of appellant's con-
tention in this regard, except in one instance, where two
questions were united in one, to which an objection was sus-
tained. Counsel for appellant then asked leave to separate
his questions, which was granted. He then asked a question
clearly objectionable within what has heretofore been said,
but made no attempt to include in any further question the

matter which might have been proper in his first question if properly severed from the objectionable matter. Not having availed himself of the ruling of the court, appellant cannot now say error was committed.

Complaint is made of three of the instructions. The only exception we can find to the instructions is this: "The defendant excepts to each and every of the instructions." This exception is too general and, under the well settled rule, does not call for a review of the instructions.

The judgment is affirmed.

MOUNT, FULLERTON, CROW, and ELLIS, JJ., concur.