

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~WILSON~~
ATTORNEY GENERAL

Hon. T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-3618
Re: Whether a boy over 19 and under 21
years of age with disabilities re-
moved may lawfully operate a junior
college bus, and related questions.

We received your letter dated July 10, 1941, where-
in you enclosed a letter from Mr. R.P. Ward, Superintendent
of the Edinburg Schools. Said letter reads, in part, as fol-
lows:

"* * * *.

"We--you, the Attorney-General, and I--know
that the intent and purpose of the law is to add
another element of safety to school bus transporta-
tion. Some of the young men who attend Edinburg
Junior College live out in the far reaches of this
school district on farms, ranches, and orchards.
They have handled cars, trucks, and tractors for
several years, and they are strong, vigorous, and
alert. We have been using several high grade
young men of this type for public school and college
bus drivers. We have had their legal disabilities
as minors removed by court action. Insurance com-
panies have without question written their bonds.

"In physical ability to handle their busses
in rain and mud, or under other adverse conditions,
in morale and in bringing their busses in on time,
and in making their records and reports, these
young college men (who are strong and old enough
to play on university football teams or to handle
the tanks of your army and the big guns of your
navy) are far superior in safety and general satis-
faction to men who are fifty-five to seventy five.
(Incidentally, is there an upper age limit?)

"* * * *.

"1.  Is a junior college bus of a dis-
     trict junior college whose district
     is coterminous with the independent
     school district, a public school
     bus?  If not, would the fact that
     one or more high school students
     ride the bus for convenience make
     it a public bus?

"2.  Is a junior college bus that is own-
     ed and operated by the junior col-
     lege through territory not in the
     school district a public school bus?

"3.  Considering the commonsense require-
     ment of safety and efficiency, is
     there no sort of legal reasoning that
     can make a capable young man who is
     over 19 and under 21, who can pass
     any reasonable but rigid test given
     by the licensing division of the
     Highway Patrol, eligible to drive a
     public school bus?"

On September 18, 1939 this department ruled in
opinion No. 0-1369 that a boy over 19 and under 21 years of
age with disabilities removed could not lawfully operate a
school bus.  A copy of that opinion is enclosed.  Said opinion
was based upon the provisions of Section 14, Senate Bill No.
15, Acts Forty fourth Legislature , Second Called Session, at
page 1785, which provides that "it shall be unlawful for any
person who is under the age of twenty-one (21) years to drive
a motor vehicle while in use as a school bus for the trans-
portation of pupils to and from school * * * * *."

Section 5 of the recently enacted Driver's License
Law, same being House Bill No. 20, Acts Forty seventh Legis-
lature, Regular Session, provides as follows:

"Sec. 5. * * * *.

"No person who is under the age of twenty-
one (21) years shall drive any motor vehicle while
in use as a school bus for the transportation of
pupils to or from school, nor any motor vehicle
while in use as a public or common carrier of per-
sons nor in either event until he has been licensed
as a chauffeur."

It is well settled that where a statute has been

construed by executive departments of this state and is there-
after re-enacted without any substantial change of verbiage,
it will receive the same construction.  See 39 Texas Juris-
prudence, pp. 266 and 267 for numerous authorities.  For this
additional reason, we are of the opinion that our Opinion No.
0-1369 correctly states the law on the question contained
therein.

Section 1, Subsection (d) of House Bill No. 20,
supra, re-enacts the definition of a "school bus" contained
in House Bill No. 16, Chapter 369, Acts Forty-fifth Legisla-
ture, Regular Session (1937), page 752, and reads as follows:

"Sec. 1.

"The following words and phrases when used
in this Act shall, for the purpose of this Act,
have the meaning respectively ascribed to them in
this title.

"* * * *.

"(d)   'School Bus.' Every motor vehicle own-
ed  by a public or governmental agency and operated
for the transportation of children to or from school
or privately owned and operated for compensation for
the transportation of children to  or from school."

If the answers to your questions depended only upon
the provisions of the recently enacted Driver's License Law,
same being House Bill No. 20, supra, there might be room for
argument as to whether a person might be 21 years of age in
order to be licensed to drive a bus for the junior college
when used to transport only the college students to and from
the said college.  This would be so because House Bill No. 20,
supra, in defining the term "school bus", refers to the trans-
portation of "children to or from school".  There is some au-
thority for the proposition that college students are not in-
cluded within the terms "children" or "school children".
There is also some authority for the proposition that the
term "college" is not included within the meaning of the
word "school".

In arriving at the answer to your questions, we
must consider the provisions of Article 2687a, Vernon's An-
notated Civil Statutes, which reads, in part, as follows:

"The trustees of any school district, com-
mon or independent, making provision for the trans-
portation of pupils to and from school, shall for

such purpose employ or contract with a responsible person or firm. <u>No person shall be employed to transport pupils, who is not at least twenty-one years of age</u> and a competent driver of motor vehicles and sound in body and mind. (Underscoring ours). All motor vehicles operated by school districts, directly or by contract, in the transportation of pupils shall be covered and so glassed or curtained at the sides and rear as to protect the pupils from the inclemencies of the weather, and shall at all times be equipped with efficient lights and brakes. * * * ."

Section 4 of Article 2815h, Vernon's Annotated Civil Statutes, reads as follows:

"Sec. 4. A junior college establishment and maintained by an Independent School District or city that has assumed control of its schools, or where the same has been organized as a Junior College District under the provisions of this Act prior to October 15, 1935, as an independent entity, or may hereafter be so created, and/or wherein the boundaries of the Junior College District are the same, or substantially the same, as the Independent School District, shall be governed, administered, and controlled by and under the direction of the Board of Education of such District or city.

"The said Board of Education of such Junior College District, under the provisions of this Act, shall in addition to all of the powers and duties vested in them by the terms of this Act, be furthermore vested with all the rights, powers, privileges, and duties conferred and imposed upon Trustees of Independent School Districts by the General Laws of this State, so far as the same may be applicable thereto and not inconsistent with this Act."

Article 2687a, supra, clearly provides that the board of trustees of an independent school cannot employ any person to transport pupils who is not at least 21 years of age. It is to be noticed that this statute contains no such term as "school bus", nor does it define such term. Furthermore, the word "pupils" is broad enough to apply to junior college students. See Webster's New International Dictionary and Northrop v. City of Richmond, 53 S.E. 962. We note futher that Section 4 of Article 2815h, imposes the same

duties on the board of education of a junior college that are imposed upon the board of trustees of an independent school district insofar as such are applicable and consistent. The provisions of Article 2687a, supra, that no person under 21 years of age shall transport pupils, is just as applicable to a junior college as it is to an independent school district.

We answer your first and second questions by saying that no person can transport junior college students to or from the Edinburg Junior College in any motor vehicle used for transporting such persons who is under 21 years of age. The same rule is equally applicable to the transportation of grade school and high school pupils to or from a grade school or a high school.

We answer your third question by saying that we know of no legal reasoning which might be used to evade the express command of the Legislature.

We trust that we have satisfactorily answered your questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Lee Shoptaw
Lee Shoptaw
Assistant

LS:ob:wc
Encl.

APPROVED JULY 22, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman