Taylor, P. J.
This is an appeal from a judgment of conviction of Children’s Court, Erie County, convicting appellants William Turner and Mary Turner of violation of subdivision 2 of section 3212 of the Education Law and suspending sentence.
The following facts were stipulated at the hearing held in Children’s Court: The two children of appellants are of compulsory school age, being ten years and seven years of age respectively, and have not been attending school; Mrs. Turner claims she is instructing them at home; she does not have a certificate issued either by the education authorities of the school district in which she lives or by the Commissioner of Education.
Appellants’ offer to prove the character and type of instruction given the children at home by their mother and the mother’s competency to so instruct them was not allowed on the ground that the question of equivalency of this instruction to that given in the public schools could not be in issue since Mrs. Turner did not have a certificate to teach and qualification to teach must be passed on in the first instance by the Commissioner of Education, not by the courts.
Part I of article 65 of the Education Law deals with compulsory education. Section 3204 thereof provides:
“ 1. Place of instruction. A minor required to attend upon instruction by the provisions of part one of this article may attend at a public school or elsewhere. The requirements of this section shall apply to such a minor, irrespective of the place of instruction.
*319 “ 2. Quality and language of instruction; text-boohs. Instruction may be given only by a competent teacher. * * * Instruction given to a minor elsewhere than at a public school shall be at least substantially equivalent to the instruction given to minors of like age and attainments at the public schools of the city or district where the minor resides.”
The pertinent parts of subdivision 2 of section 3212, the provisions of which appellants are charged with violating, read as follows:
“ 2. Duties of persons in parental relation. Every person in parental relation to a minor included by the provisions of part one of this article: * * *
“ b. Shall cause such minor to attend upon instruction as hereinbefore required * * *.
“ d. Shall furnish proof that a minor who is not attending upon instruction at a public or parochial school in the city or district where the person in parental relation resides is attending upon required instruction elsewhere. Failure to furnish such proof shall be presumptive evidence that the minor is not attending.”
New York State requires that every “ minor from seven to sixteen years of age shall attend upon full time day instruction ” with some exceptions with which we are not here concerned (§ 3205). Subdivision 1 of section 3204, above quoted, states that such a minor may attend at a public school or elsewhere. There is no provision in the Education Law which prohibits instruction of children at home, nor is there any provision- requiring certification of a parent by the Commissioner of Education before she may teach her children at home.
The State is interested in the education of a child for its own protection and the public good, for the purpose of developing good citizenship, but “ The child is not the mere creature of the State; those who nurture him and direct his destiny have the right, coupled with the high duty, to recognize and prepare him for additional obligations.” (Pierce v. Society of Sisters, 268 U. S. 510, 535.) The Supreme Court of the United States in that case held unconstitutional an Oregon statute requiring attendance only at public schools.
The object of a compulsory education law is to see that children are not left in ignorance, that from some source they will receive instruction that will fit them for their place in society. Provided the instruction given is adequate and the sole purpose of nonattendance at school is not to evade the statute, instruc *320 tion given to a child at home by its parent, who is competent to teach, should satisfy the requirements of the compulsory education law. (See Wright v. State, 21 Okla. Cr. 430; People v. Levisen, 404 Ill. 574.)
In the Levisen case (supra) the statute required attendance at a public or private or parochial school, and the court held that competent home instruction came within the purview of attendance at a private school. The New York statute is obviously broader.
The appellants’ proof of the nature and type of instruction received at home by the children and of the competency of Mrs. Turner to teach them should not have been excluded.
The judgments of conviction of both defendants should be reversed and a new trial granted.
In each case: All concur. Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.
In each case: Judgment of conviction reversed on the law and a new trial granted.