**Marie Morton, et al., Plaintiffs-Appellants, v. Board of Education of the City of Chicago, et al., Defendants-Appellees.**

**Gen. No. 50,880.**

First District, Second Division.

February 18, 1966.

Byron S. Miller, Milton I. Shadur and Harry S. Miller, of Chicago, for appellants.

James W. Coffey, of Chicago (Frank S. Righeimer, John T. Mehigan and Michael J. Murray, of counsel), for appellees.

MR. JUSTICE BURKE delivered the opinion of the court.

This appeal is taken from a decree dismissing with prejudice plaintiffs' complaint for an injunction to restrain the defendants from maintaining an experimental dual enrollment program (commonly known as the shared-time plan) created by a resolution of the Board of Education of the City of Chicago on April 23, 1964, and implemented by a report of the General Superintendent of Chicago Public Schools on April 29, 1965.

The 1964 resolution provides that students residing within the Kinzie High School attendance area who are otherwise eligible for full-time enrollment at that High School may attend the Kinzie High School on a part-time basis during the period of the experiment, beginning in September of 1965 and ending in June of 1969. The resolution provides that participation in the program may be effected only upon application in writing by the students' parents or legal guardians and that the participating students at all times during the duration of the experiment must fully comply with the compulsory attendance laws of Illinois. The resolution further provides that the General Superintendent of Public Schools shall request various private schools within the City of Chicago having students residing in the Kinzie High School attendance area to cooperate in the experiment, for the purpose of determining whether the dual enrollment plan is in the best interests of the Chicago pub-

lic school children and the public school system. In August of 1964, the name of the Kinzie High School was changed to the "John F. Kennedy High School," and shall hereinafter be referred to by the latter name.

The General Superintendent's 1965 report described the progress of the implementation in connection with the Kennedy High School and set out the standards to be met by the students enrolled in the program as a condition to continued participation. The report also set out preliminary steps taken in connection with the initiation of a similar plan at the Taft High School. The 1965 progress report was approved and adopted by the Board of Education in May of 1965.

The Kennedy dual enrollment plan went into effect in September of 1965. The students enrolled in the program took all courses at the Kennedy High School except English, Social Studies, Music and Art, which courses were taken at the nearby St. Paul High School. Credit towards a Chicago Public High School diploma is given for the courses which are taken at the St. Paul High School.

Plaintiffs' complaint, filed in May of 1964, sought to enjoin the Board of Education from maintaining the dual enrollment program on the grounds that the program violated statutory and constitutional provisions. The complaint also sought to enjoin the Board of Education from permitting the construction of the Kennedy High School building which was then in the process of construction, but this matter had become moot by the time the hearing was had on the complaint in June of 1965, for the reason that the building had been erected and was then in use.

The legality of the dual enrollment program was challenged on the ground that it permits the parents or legal guardians of the participating students to violate the compulsory attendance laws of Illinois, set out in sections 26–1 and 26–2 of the 1961 School Code. Ill Rev Stats 1963, chap 122, pars 26–1 and 26–2. The complaint also challenged the constitutionality of the program on the

ground that it violates article VIII, sections 1 and 3 of the Illinois Constitution, as well as the First Amendment to the United States Constitution, with respect to the establishment and/or maintenance of religion. Ill Const, art VIII, secs 1 and 3; US Const, 1st Amend. After considerable oral argument by counsel for the respective parties concerning both of the alleged violations, the trial court found that the dual enrollment plan does not violate either the statutory or the constitutional provisions, and ordered that the complaint be dismissed with prejudice.

■■ Undoubtedly, the Chicago School Board has the power to create and maintain experimental education programs for the Chicago public school children. Section 34–18 of the 1961 School Code specifies the powers of the school boards and states that the "specifications of the powers herein granted are not to be construed as exclusive, but the board shall also exercise all other powers that may be requisite or proper for the maintenance and the development of a public school system, not inconsistent with the provisions" of the School Code. Ill Rev Stats 1963, chap 122, par 34–18. We cannot find any intention on the part of the legislature to limit the power of a school board to adopt and develop better methods of educating the children of this State, so long as the methods so adopted are otherwise consistent with the provisions of the School Code.

Section 26–1 of the School Code compels school attendance of all children in this State between the ages of 7 and 16 years. It provides:

"Whoever has custody or control of any child between the ages of 7 and 16 years shall cause such child to attend some public school in the district wherein the child resides the entire time it is in session during the regular school term; Provided,

that the following children shall not be required to attend the public schools:

"1. Any child attending a private or a parochial school where children are taught the branches of education taught to children of corresponding age and grade in the public schools, and where the instruction of the child in the branches of education is in the English language;

"2. Any child who is physically or mentally unable to attend school, such disability being certified to the county or district truant officer by a competent physician; or who is excused for temporary absence for cause by the principal or teacher of the school which the child attends;

"3.. Any child necessarily and lawfully employed according to the provisions of the law regulating child labor may be excused from attendance at a school by the county superintendent of schools or the superintendent of the public school which the child should be attending, on certification of the facts by and the recommendation of the school board of the public school district in which the child resides. In districts having part-time continuation schools, children so excused shall attend such schools at least 8 hours each week;

"4. Any child over 12 and under 14 years of age while in attendance at confirmation classes." Ill Rev Stats 1963, chap 122, par 26-1.

Section 26-2 relates to children under the age of 7 and over the age of 16, but only if they are enrolled in a public school. It provides:

"Any person having custody or control of a child who is below the age of 7 years or above the age of 16 years and who is enrolled in any of grades 1 through 12, in the public school shall cause him to attend the public school in the district wherein he re-

44

sides when it is in session during the regular school term unless he is excused under paragraphs 2, 3, or 4 of Section 26-1." Ill Rev Stats 1963, chap 122, par 26-2.

Section 26-1 requires the education of all children of this State, without regard to the place of education. Section 26-2, on the other hand, appears to be an administrative measure designed to prevent problems from arising in the maintenance of attendance and credit records of those children under 7 years and over 16 years who, by reason of their ages, are not compelled to attend school under section 26-1, but who are nevertheless enrolled in a public school. Significantly, section 26-2 does not apply to children enrolled in nonpublic schools, indicating the legislature intended such children to be governed by the regulations of the particular nonpublic school administrations wherein such children are enrolled.

▮▮▮ The dual enrollment program does not violate section 26-1 of the School Code. Any child within the ages of 7 and 16 years is required "to attend some public school in the district wherein the child resides the entire time it is in session during the regular school term" unless the child falls within one of the four exceptions. In the event that the child does come within one of the exceptions it is not necessary that he "attend some public school in the district wherein [he] resides *the entire time it is in session*." (Emphasis supplied.) Since the object of the compulsory attendance law is that all children be educated and not that they be educated in any particular manner or place, part-time enrollment in a public school and part-time enrollment in a nonpublic school is permitted by section 26-1, so long as the child receives a complete education. See People v. Levisen, 404 Ill 574, 90 NE2d 213.

▮▮▮ Plaintiffs contend that paragraph 1 of section 26-1, requiring private and parochial schools to offer a

45

full curriculum of studies comparable to those offered in the public schools to children of corresponding age and grade, requires that the children attending nonpublic schools must be in full-time attendance at the nonpublic schools. While it is necessary that the nonpublic schools offer comparable courses of study, as set out, it does not necessarily follow that the children must be in full-time attendance at any particular school. Furthermore, the dual enrollment program in question does not require all students enrolled in the participating nonpublic school to be enrolled in the dual enrollment program, nor does it contemplate that the only courses taught in the participating nonpublic schools are to be solely those taken by the participating students.

Plaintiffs further argue that the legislative history of the School Code shows a "tightening of the public school requirement and a narrowing of the 'or private school' alternative to the specific exception in paragraph 1" of Section 26–1, thereby prohibiting dual enrollment programs. What has been said above disposes of this contention. Furthermore, compulsory attendance was required before the statutory change in 1945 to which plaintiffs refer. Section 274 of the School Code of 1909 required children between the ages of 7 and 16 "to attend some public or private school for the entire time during which the public school in the district wherein the pupil resides is in session." The four exceptions to public school attendance provided for in the present Code were provided for in the Code of 1909. Ill Rev Stats 1909, chap 122, par 301. As indicated by the Public School Commission which drafted the 1945 School Code, the purpose of the 1945 codification was not to incorporate substantive changes into the law but to attempt the codification of existing laws. One of its main objectives was to eliminate superfluous verbiage. SHA, 1946 Ed, chap 122, pp IX–XVII. The wording of the 1909 Code, that the children shall attend some public *or private school* was

superfluous to the extent that a specific exception relating to private and parochial schools was thereafter provided. The words "or private school" were therefor unnecessary, and were eliminated in the School Code of 1945. Ill Rev Stats 1945, chap 122, par 26–1. The words "or private school" are likewise omitted from the 1961 School Code for the same obvious reason. Ill Rev Stats 1961, chap 122, par 26–1. Plaintiffs' argument, that the legislature in 1945 by omission of the words "or private school" intended to "tighten the public school requirement" is therefore unfounded. Furthermore, it is difficult to understand how the omission of these words has any bearing on the question of part-time enrollment so long as the child receives a full and complete education. See People v. Levisen, 404 Ill 574, 90 NE2d 213; Commonwealth ex rel. Wehrle v. School Dist. of Altoona, 241 Pa 224, 88 Atl 481.

Section 26–2 likewise permits part-time enrollment in a public school and part-time enrollment in a nonpublic school. As admitted by plaintiffs, section 26–2 was designed to eliminate administrative problems relating to attendance and credit records of those students enrolled in public schools who are not subject to the compulsory attendance provisions of section 26–1 by reason of their ages. Section 26–2 does not employ the words "the entire time" which are contained in section 26–1. It is of interest to note that these specific words were contained in section 274 of the 1909 School Code relating to the "under 7 and over 16" age group (Ill Rev Stats 1909, c 122, par 301,) but were deleted from the comparable provisions in the 1945 and 1961 School Codes. Ill Rev Stats 1945, 1961, chaps 122, pars 26–1. The 1964 resolution and the Superintendent's 1965 progress report both specifically provide that the participating students shall comply with the compulsory attendance laws of this State, as well as provide that they shall meet the Chicago public high school graduation requirements. The stu-

dents in the "over 16" age group who are enrolled in the dual enrollment program are required to be in attendance at all classes in which enrolled in order to receive the proper graduation credits. The participating students are also required to conform to all rules and regulations established by the Board of Education.

■ Plaintiffs' argument, that the lack of a "nonpublic school attendance" exception in section 26–2 indicates that the legislature intended to prohibit dual enrollment programs, is unavailing. As stated above, section 26–2 was enacted as an administrative necessity to eliminate attendance and credit record problems involving the public school students who are not covered by section 26–1. Since children under 7 and over 16 are not required to attend school under section 26–1, an exception for attendance at a nonpublic school under section 26–2 would have been superfluous. The legislature intended that problems of attendance and credit relating to students in the "under 7 and over 16" age group enrolled solely in nonpublic schools be left for the particular nonpublic school administration. The lack of such an exception in section 26–2 has no bearing on whether the legislature intended to permit or to prohibit dual enrollment programs. In passing it should be noted that no such exception was contained in the comparable provisions in the 1909 and the 1945 School Codes. Ill Rev Stats 1909, chap 122, par 301; Ill Rev Stats 1945, chap 122, par 26–2.

■ Plaintiffs' argument that there is no attendance control for participating students while in attendance at the participating nonpublic school is likewise unavailing. The participating students are required "to conform to all rules and regulations established by the Board of Education" and to "meet the High School graduation requirements of the Chicago Public Schools, including those in relation to required subjects and sequences," and shall "receive a diploma issued by the Chicago Board of Educa-

tion." The program contemplates that the participating students will receive a full and complete education so as to be entitled to a public high school diploma. People v. Levisen, 404 Ill 574, 90 NE2d 213. We do not here create an additional exception to the compulsory attendance required by section 26–2, as contended by plaintiffs, since the scope of section 26–2 permits dual enrollment in public and nonpublic schools and since the dual enrollment program does provide for control of attendance.

 Section 18–8.1 of the School Code provides for State aid to part-time students from the common school fund, further indicating the legislature did not intend to prohibit dual enrollment. Students who are regularly enrolled in a public school for only a part of the school day may be counted on a basis of one-sixth of a day for every class hour attended pursuant to such enrollment. Ill Rev Stats 1963, chap 122, par 18–8.1.

The program applies to all nonpublic educational institutions and not to any religious group or groups, and offers its benefits to individual students on a purely voluntary basis upon application by the parents or legal guardians of those children. As stated in Pierce v. Society of Sisters, 268 US 510, at page 535: "The child is not a mere creature of the State; those who nurture him and direct his destiny have the right, coupled with the high duty, to recognize and prepare him for additional obligations." The experimental dual enrollment plan adopted by the Chicago School Board is merely an attempt to find a better method for the education of the Chicago public school children at the option of the parents or legal guardians of those children.

The decree of dismissal with prejudice is affirmed.

Decree affirmed.

BRYANT, P. J. and LYONS, J., concur.