**Artis B. WITHERS and Janice B. Withers, his wife, Appellants,**

v.

**PULASKI COUNTY BOARD OF EDUCATION, etc., et al., Appellees.**

Court of Appeals of Kentucky.

May 26, 1967.

Charles C. Adams, Adams & Adams, Somerset, for appellants.

John G. Prather, Lawrence Hail, Somerset, for appellees.

CULLEN, Commissioner.

Appellants Artis B. Withers and wife, successors in title of a landowner who in 1864 deeded a parcel of land to "the citizens" of a local school district (which district later was absorbed into the county school system of Pulaski County) brought action against the county school board claiming that under the terms of the deed the school board had forfeited title by reason of discontinuance of use of the parcel for a school. The circuit court entered judgment dismissing the complaint and, on counterclaim of the school board, enjoining the appellants from interfering with the school board's use and occupancy of the property. The Witherses have appealed.

The deed of 1864 contained this clause:

" * * * to have and to hold the same as long as they keep a house on said land for a school but if the above named citizens at any time remove said house or locate their school at some other point then this obligation becomes void and of no effect, otherwise to remain in full force and virtue in law so long as there is a school kept in said house."

A school house was erected on the land and throughout the years a typical grade school was conducted there (known as the "Camp Ground School"). In the early part of 1964 the county school board constructed another school building some two miles away. The school year ended around June 1, 1964. At the start of the next school year, on August 17, 1964, the children who had been attending the Camp Ground School were transferred to the new school, and the Camp Ground School was unoccupied (although all equipment was left in it). On September 12, 1964, the Witherses brought the instant action claiming a forfeiture under the deed.

Clearly, the burden was on the appellants to prove that use of the property for a

school had been discontinued within the meaning of the deed. At the time the lawsuit was commenced there had been a nonuse of the building for a period of only 26 days at the beginning of a school year. We think that this alone was not enough to prove that a school was no longer "kept in said house." The deed surely contemplated that the school authorities should have a reasonable period of time in which to effect a transition of school uses. See 78 C.J.S. Schools and School Districts § 254, p. 1228.

We think that in order to prevail it was incumbent upon the appellants to show circumstances other than the mere 26-days' nonuse. They did show that another school had been constructed and the pupils of the Camp Ground School had been transferred to the new school. These circumstances had a tendency to indicate that a nonuse of a duration long enough to cause a forfeiture under the deed was *in contemplation;* however, the school authorities had made no formal declaration of discontinuance of school at Camp Ground and we think that an unformalized intent to discontinue could not furinish a substitute for actual time of discontinuance in the making of a determination of whether there was a discontinuance of sufficient duration to work a forfeiture.

The school authorities undertook to establish that the school had not been discontinued, through testimony of the superintendent as to informal plans of the school board for use of the building for farm hand classes, adult education courses, and accommodation of overflow that might occur from other schools. We think that an indefinite, informal intent to use the building for a school at some unfixed future time could not neutralize the forfeiting effect of an actual nonuse for a period of substantial duration. And we think also that use of the building

for farm hand classes or adult education courses would not constitute the keeping of a school within the meaning of the deed. The most generally accepted definition of "school" is that it is a place where instruction is imparted to the *young.* Northrup v. City of Richmond, 105 Va. 335, 53 S.E. 962; Livingston v. Davis, 243 Iowa 21, 50 N.W.2d 592, 27 A.L.R.2d 1237; People v. Levisen, 404 Ill. 574, 90 N.E.2d 213, 14 A.L.R.2d 1364; Village of East Hampton v. Mulford, 188 Misc. 1037, 65 N.Y.S.2d 455; State ex rel. Church of the Nazarene v. Fogo, 150 Ohio St. 45, 79 N.E.2d 546; Board of Sup'rs of Merced County v. Cothran, 84 Cal.App.2d 679, 191 P.2d 506. We think this clearly was the meaning intended by the 1864 deed, considering as we must the character, situation and purposes of the parties and of the law then in force. See Board of Education for Jefferson County v. Littrell, 173 Ky. 78, 190 S.W. 465.

 It is our opinion that the circuit judge erred in his view that the uses proposed by the school board would conform with the requirement of the deed that a school be kept on the land. However, this does not require that the judgment be reversed, because the erroneous reason may be disregarded and the judgment be upheld for the reasons stated in this opinion. The judgment will not be a bar to a later action if a discontinuance of school use is shown by subsequent events.

 The circuit court held that the bringing of this action obviated the necessity of filing a declaration under KRS 381.221 of intent to preserve the reversionary right under the deed. We concur in that holding.

The judgment is affirmed.

WILLIAMS, C. J., and HILL, MILLIKEN, MONTGOMERY, PALMORE and STEINFELD, JJ., concur.