**Landon HUNT et al., Appellants,**

v.

**COAL RUN HOMEMAKERS CLUB OF COAL RUN, Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 21, 1969.

Fred B. Redwine, Sanders & Redwine, Pikeville, for appellants.

E. R. Hays, Baird & Hays, Pikeville, for appellees.

DAVIS, Commissioner.

At issue is whether the Coal Run Homemakers Club (hereinafter referred to as Club) has ceased to use a parcel of land for the legitimate purposes of the Club within the meaning of a provision in the deed whereby the Club acquired title to the property. The trial court resolved the issue in favor of the Club, and this appeal results.

In 1932 J. E. Childers and others conveyed a tract of land to the Club, being a lot 83 feet by 133 feet in dimension. The deed contained the following provision:

> "It is understood and agreed that the land above described shall be used only for the legitimate purposes of second party, and nothing shall be done thereon in violation of law or so as to annoy adjoining residences, and when said land shall cease to be used for the legitimate purposes of second party it shall revert with all improvements thereon to owners of surrounding property."

The lot was a portion of a farm owned by the grantor, Childers. The grantor is now deceased, and the appellants are his successors in interest to the property surrounding the lot.

The Club built a log meeting house on the lot and used it regularly for club meetings until December 1961. It is admitted in the record that the Club has not utilized the building or lot for any of its purposes since December 1961. On September 15, 1966, the appellants instituted this action against the Club seeking an adjudication that the Club has ceased to use the property for its legitimate purposes so that the title is vested in the appellants.

In his findings of fact and conclusions of law, the trial judge pointed out that the Club admitted that it had not used the property "* * * in recent years because they did not have sufficient money to repair the premises; * * *." The Club presented evidence reflecting that it had expended its funds to provide scholarships for needy pupils at a nearby high school. It was also explained that the mother of one of the Club's leaders is an invalid requiring the presence of her daughter so that club meetings had been held in this lady's home rather than at the clubhouse as a matter of convenience and accommodation.

The trial judge personally viewed the property and noted in his findings that the building was repairable "* * * although dirty with some windows broken out and one section of the floor deteriorated, * * *." Evidence was adduced by the Club reflecting the intention of its members to refurbish the building and resume club activities in it. No specific program looking toward that end had been formulated when the suit was filed, and none was completed before the case was decided. The trial judge expressed the view that the club members had no intention "* * * to completely abandon the use of the building or their claim of title to the building under its deed but that the non-use has been more of a convenience to the parties in that they have been meeting at the members' homes and diverting their money to charitable use rather than to repairs."

It is apparent from the record and the findings made by the trial judge that the Club has not used the building for its legitimate purposes since December 1961. The real issue is whether the expressed but unexecuted intention to resume use of the building is sufficient to defeat the claim of the appellants.[1]

In Withers v. Pulaski County Board of Education, Ky., 415 S.W.2d 604, plaintiffs asserted that the school board had forfeited title by reason of discontinuance of use, as a school, of the land involved. There the plaintiffs were somewhat more precipitate than the appellants here, since the school had been closed for only twenty-six days. In Withers we pointed out that the plaintiffs had not met their burden of proving a nonuse of sufficient duration to bring about the reversion. In discussing that matter, we said:

"We think that an indefinite, informal intent to use the building for a school at some unfixed future time could not neutralize the forfeiting effect of an actual nonuse for a period of substantial duration." Id. 415 S.W.2d at 606.

In the case at bar it seems to us that the nonuse for nearly five years must be deemed a period of substantial duration, and the informal, indefinite intent of the Club to use the property for its legitimate purposes was not sufficient to prevent the operation of the terms of the deed terminating the Club's title. The trial court should have rendered judgment in favor of the appellants.

The judgment is reversed with directions to enter a new judgment in conformity with the opinion.

MONTGOMERY, C. J., and MILLIKEN, OSBORNE, PALMORE, REED, and STEINFELD, JJ., concur.

HILL, J., dissents.

1. We are not called upon to determine whether the future interest now being asserted by appellants is a reversion, an executory interest, or a possibility of reverter, since the Club admits that it must fail unless its nonuser was within the permissible limits fixed in the deed. Neither are we faced with the application of KRS 381.221, since it is not pleaded that appellants failed to comply with that statute.

OSBORNE, Judge (concurring).

This case does not differ from the Withers case, Ky., 415 S.W.2d 604 in any significant respect. The period of abandonment may be a little longer here; however, this is not material. The question is: Is there an abandonment—not how long has it existed. The Withers case was wrong and is becoming more so.