THE PEOPLE *ex rel.* Eli Brown *et al.* Appellees, *vs.* W. S.
JONES *et al.* Appellants.

*Opinion filed June 21, 1912.*

1. NOTICE—*appearance by individuals does not waive defective
notice as to corporation.* A general appearance in a cause waives
a defective notice, but the appearance, in their individual capacity,
of the officers or members of a private or public corporation does
not waive the defects as to the corporation.

2. SCHOOLS—*who must sign petition to consolidate two whole
school districts.* To authorize the trustees of schools to form a
new school district by consolidating the whole of two old districts
the petition must be signed by the majority of the legal voters in
each district.

APPEAL from the Circuit Court of Edgar county; the
Hon. W. B. SCHOLFIELD, Judge, presiding.

FRANK T. O'HAIR, and FRED RHOADS, for appellants.

R. S. DYAS, State's Attorney, (J. B. MANN, and F. C.
VANSELLAR, of counsel,) for appellees.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the
court:

The circuit court of Edgar county sustained a demurrer
to the appellants' plea to an information in the nature of a
*quo warranto* charging them with usurping the offices of
directors of a school district, and, upon their election to
stand by their plea, entered judgment of ouster against
them, from which they appealed.

Prior to April, 1911, there were in Edgar county, in
township 14, north, range 13, west, two school districts,—
No. 74, composed of sections 9, 10, 15 and 16, and No. 80,
adjoining No. 74 on the south, composed of sections 21,
22, 27 and 28. More than twenty days before the regular
meeting of the board of trustees of schools of township 14

in April, 1911, a petition was filed with the clerk of said board which purported on its face to be, and was, signed by two-thirds of the legal voters residing within the territory of the two school districts mentioned, and prayed for the creation of a new school district, consisting of all the territory of both district No. 74 and district No. 80. The trustees refused the petition, but upon appeal to the county superintendent of schools their action was reversed, the prayer of the petition was granted and the new district was designated as district No. 80. An election was held in the new district, the appellants were elected directors, and under this title they justified.

Two objections are made to the plea: First, that the petition to the trustees does not purport to be signed by a majority of the legal voters of each district and is not averred to be so signed; and second, the clerk of the school directors of each district signed the petition, and the notice in writing of the filing of the petition required by section 52 of the School law was served only upon the clerks who had so signed the petition.

The appellants admit that the notice was void on the authority of *People* v. *Feicke,* 252 Ill. 414, but contend that the objection is cured by the averments of the plea, which show that at the hearing before the trustees all the directors of both districts, together with a large number of legal voters, citizens and tax-payers of each district, including all the relators, were present, having had notice that the petition for the formation of the new district would be considered at that meeting, and that all participated in the meeting, giving their reasons for or against granting the prayer of the petition, and that all the land owners, legal voters and residents of each of said school districts had notice that said petition would be considered at that meeting. There are two answers to this position. While it is true that a general appearance in a cause waives a defect of notice, the appearance, in an individual capacity,

of the officers or members of a private or public corporation does not waive defects as to the corporation. Again, it is only a general appearance which waives notice, and not an appearance to object for want of notice. So far as appears, the latter may have been the character of the objections in this case, for it would have been a valid objection to granting the prayer of the petition.

Section 46 of the School law provides for the changing of the boundaries of school districts by the trustees of schools. The second clause authorizes them to consolidate two or more districts into one district, when petitioned by a majority of the legal voters of each district. This was a petition for the consolidation of two districts. Its object was the formation of a new district. The petition should therefore have been signed by a majority of the legal voters of each district, but it was signed only by two-thirds of the voters of both districts. They might all have resided in one district, and there is no averment that a majority of the legal voters of each district signed the petition. The fourth clause, which authorizes the creation of a new district from territory belonging to two or more districts upon the petition of a majority of the legal voters of each district or of two-thirds of the legal voters residing within the territory described in the petition, has no application here. If it had, the second clause would be surplusage. That clause refers to the consolidation of districts,—the union of them as whole districts in a new district. The fourth clause refers to the formation of new districts out of part of the territory of two or more. It is not to be supposed that the legislature would insert in a single section inconsistent requirements for the consolidation of districts.

*Judgment affirmed.*