THE TENNESSEE DRAINAGE DISTRICT *et al.* Defendants in
Error, *vs.* JOHN MOYE *et al.* Plaintiffs in Error.

*Opinion filed April 19, 1913.*

1. DRAINAGE—*facts necessary to jurisdiction must appear from
record.* County courts derive their power to organize drainage
districts from the statute, and every fact essential to the jurisdiction of the court must affirmatively appear from the record.

2. SAME—*what is not a compliance with the law as to posting
notices.* The posting of two notices on the same tree at crossroads, so that each notice faces a different road, is not a posting
of such notices in two public places but is the posting of two notices in one public place.

3. SAME—*when notices are posted in the same place.* Where
the affidavit of posting notices stated that one notice was posted
"at south-east corner of the north half of the north-east quarter
of south-west quarter in section 2, town 8, range 9, on fence post;
another at north-east corner of south half of the north-east quarter of south-west quarter in section 2, town 8, range 9, on fence
post," both notices appear to have been posted in the same place,
and if such a description was intentionally used to mislead the
reader into thinking the notices were posted in different places the
attempted deception requires severe condemnation.

4. SAME—*when failure to post notices renders the organization
fatally defective.* Failure to post notices in ten different places in
the proposed drainage district renders the organization of the district fatally defective as to all property owners who do not waive
the defect by filing objections in the court below.

5. SAME—*what is not waiver of defect in posting notices.* The
fact that certain property owners, at the term after a drainage district was organized, entered a special appearance asking the court
to correct the record to show that no property owner had filed objections to the organization of the district does not operate as a
waiver of a failure to comply with the statute concerning the posting of notices.

6. SAME—*petition should state character of proposed drain or
ditch.* The Levee act contemplates that the petition to organize a
district shall state the starting point, terminus, route and character of the proposed work in such terms that the property owners,
as well as other persons interested, can readily understand the
general character of the work, and a petition is insufficient in that
respect if it fails to describe the character of the proposed drain
in any way with reference to size or method of construction.

7. SAME—*lands should be so described that they may be located.* A petition to organize a levee drainage district should give such a description of the lands affected that a person familiar with real estate descriptions can, if necessary, locate the tracts and fix the boundaries of the district with reasonable accuracy.

WRIT OF ERROR to the County Court of Gallatin county; the Hon. H. P. BOZARTH, Judge, presiding.

W. S. PHILLIPS, and BARTLEY & BARTLEY, for plaintiffs in error.

ROEDEL & ROEDEL, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a writ of error sued out of the county court of Gallatin county to review the record as to organizing, under the Levee act, the Tennessee Drainage District. The petition on which this proceeding was based was to the April term, 1911, of said court. After many continuances and various orders had been entered, the court entered an order July 25, 1912, modifying the report of the drainage commissioners theretofore appointed and confirming the report as modified, and ordering the construction of a drain as provided for in said report.

Section 3 of the Levee act provides, among other things, that upon the petition for the organization of the drainage district being filed in the county court, the clerk of said court "shall cause three weeks' notice of the presentation and filing of such petition to be given, addressed 'to all persons interested,' by posting notices thereof at the door of the court house of the county or counties in which the district is situated, and in at least ten of the most public places in such proposed district," etc. (Hurd's Stat. 1911, p. 873.)

County courts derive their power to establish districts from the statute, and every fact necessary to the jurisdic-

tion of the court must affirmatively appear from the record. (*Payson* v. *People,* 175 Ill. 267; *Drummer Creek Drainage District* v. *Roth,* 244 id. 68; *Aldridge* v. *Clear Creek Drainage District,* 253 id. 251.) The affidavit as to posting these ten notices, found in the record, designates, among other places, the following: "(5 and 6)—Two on a tree at Asbury church house at cross-roads, showing towards each road; (7 and 8)—Two on a tree at the forks of the road at the Cottonwood church, one on each side." This is the only proof in the record as to the posting of these four notices. Plaintiffs in error contend,—and rightly, we think,—that the two notices posted on the tree at Asbury church amounted to only one notice, and that the same is true as to the two posted on one tree at the Cottonwood church. Counsel for defendants in error contend that these two notices placed on the same tree, but showing towards different roads, were, in effect, each in a different public place; that it is the same as if they had been posted on different trees at the same cross-roads. This argument, logically carried out, would justify the posting of the ten notices on ten different trees at the same cross-roads. The object of posting these notices is to give information to the people in the proposed district of the contemplated organization of the drainage district. In construing the requirements of a very similar statute this court held that the posting of two notices on the same tree was not a compliance with the statute. (*White & Gleason* v. *City of Chicago,* 188 Ill. 392.) To hold otherwise would be contrary not only to the letter but to the spirit of the statute.

The failure in posting notices, as required by the statute, in ten different places in the district made the organization of the district fatally defective as to any of the property owners who did not file objections in the court below waiving defects in the posting of such notices. The plaintiffs in error here did not file any objections in the court below, although at the August term, 1912,—the next

term after the order organizing the district had been entered in the county court,—they entered a special appearance asking that the court correct the record so as to show that no objections had been filed by any property owner as to the organization of the district.   By making this motion, thus limited, they did not waive the defect in the posting of the said notices.

Section 13 of the Levee act requires that in case additional lands are embraced, the same notice as is required by said section 3 shall be given the owners of such lands as to the hearing on the report of the commissioners.   The affidavit of the posting of said ten notices, as required by said section 13, states, among other things:   "Another at south-east corner of the north half of the north-east quarter of south-west quarter in section 2, town 8, range 9, on fence post; another at north-east corner of south half of the north-east quarter of south-west quarter in section 2, town 8, range 9, on fence post."   From this reading these two notices were posted at the same place,—whether on the same fence post or not does not appear; but if not, and if the description is accurate, the two fence posts must have been at substantially the same place.   From what has already been said, the posting of these two notices also failed to comply with the statute.   Whether the description as to the location of the posting of the two notices was intentionally so worded as to lead one from a casual examination to think they were posted at different places we cannot say.   If intentionally so worded, the attempted deception cannot be too severely condemned.

It is further urged by plaintiffs in error that the petition does not sufficiently describe the starting point, route, terminus and character of the work.   The petition on that point reads as follows:   "That the contemplated drain should start at or near the center of section 3, in Ridgway township, and follow an open ditch running east and south into said Tennessee near the east line of section 10, and thence

with said Tennessee to said Jackson branch." The Jackson branch was referred to and located earlier in the petition. The petition also refers to a plat and makes it a part thereof. On this plat an irregular red line is drawn, apparently for the purpose of showing the beginning, route and terminus of the drain. There is no description of the drain, its size or character in the petition. Counsel for defendants in error argue that it is not necessary to state in the petition, accurately, the starting point or points, route or terminus of the work or character of the drain; that a reasonable and practical construction should be given to the statute, and to give an accurate detailed description in the petition would require the hiring of an engineer and the doing of much work before a petition could be filed. Clearly, the purpose of the statute was to have the petition show the work proposed to be done, so that those interested could form some judgment as to the necessity or propriety of the work, its advantages and disadvantages. The statute requires that "the petitioners should themselves propose, in general terms, a scheme or plan of the desired work." (*Aldridge* v. *Clear Creek Drainage District, supra,* on page 255.) While it is not required that the petition shall state accurately all the details of the work, we think from the reading of sections 2, 3 and 12 of said Levee act, in connection with the other provisions of said statute, that it was intended that the starting point, terminus, route and character of the work to be done should be described in such terms in the petition that the property owners, as well as the others interested, can readily understand the general character of the work. If the starting point or terminus or general location of the route, or other details, are not found satisfactory after investigation, section 12 provides that modifications may be made. The character of the proposed drain is not described in any manner in this petition. Whether it is to be an open ditch or a covered drain does not appear therein. The report of

the engineer recommends that part of it shall be tiled and part of it be an open ditch. The petition failing to describe, in any manner, the character of the drain, does not comply with the provisions of the statute. While the location of the starting point, terminus and proposed route could readily be more accurately described than they are, we are not prepared to say that, taking the plat in connection with the description in the petition on these points, the petition in these particulars does not comply with the statute. In stating this we assume that the location of the depression called the "Tennessee," and the Jackson branch, referred to in the petition, could readily be located on the land.

It is further insisted that the description of the lands to be affected by the proposed drain is not sufficiently definite to comply with the provisions of the statute. Section 2 of the Levee act provides that the petition shall give "a general description of the lands proposed to be affected, with the names of the owners, when known," etc. We think, fairly construed, that this means that such a description of the lands shall be given in the petition that a person familiar with real estate descriptions could, if necessary, locate the tracts and fix the boundaries of the district with reasonable accuracy. In view of our holdings in this case we do not think it necessary in this opinion to decide as to the sufficiency of certain of these legal descriptions alleged to be defective. The same may be said as to other questions which have been raised as to the legality of certain orders entered by the trial court in continuing the cause from time to time, and also as to an order amending the record.

For the errors indicated the judgment of the county court will be reversed and the cause remanded.

*Reversed and remanded.*