(No. 22174.—

A. H. GREENING, State's Attorney, *ex rel.* W. M. Rowe, Appellee, *vs.* CAREY E. BARNES, Appellant.

*Opinion filed December 22, 1933—Rehearing denied Feb. 9, 1934.*

GILLESPIE, BURKE & GILLESPIE, for appellant.

W. R. VONTOBEL, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

This is a direct appeal from a judgment of ouster and for costs, entered against the respondent, Carey E. Barnes, in the circuit court of Sangamon county in a proceeding on an information in *quo warranto* wherein it was charged that he without lawful authority usurped the office of justice of the peace in and for the town of Capital, county of Sangamon and State of Illinois.

The facts are as follows: The appellant, Carey E. Barnes, who was the respondent below, was elected one of the five justices of the peace for the town of Capital at the regular quadrennial election of 1929 for the regular four-year term and duly qualified as such. At the next regular quadrennial election held in April of 1933 he was a candidate to succeed himself but was defeated for re-election, Lawrence A. Gaffney being elected his successor. Gaffney failed to qualify, and the county clerk and *ex-officio* town clerk of Capital township determined that by reason of his failure to qualify a vacancy existed in the office to which Gaffney had been elected, and issued a call for nominations to be voted on at a special election on June 5, 1933. Nominations were filed by each political party, whereupon the county clerk certified the names of the candidates to the board of election commissioners, together with his certificate of determination that a vacancy existed in the office of justice of the peace to which Gaffney had been elected. The city of Springfield being under the City Election law, the election was conducted by the election commissioners. The result being duly certified and the appellee, W. M. Rowe, being declared elected, he was commissioned by the Governor on June 13, 1933, to hold the office until the expiration of the regular term, being the first Monday in May, 1937. It sufficiently appeared that first Gaffney, and later Rowe, were duly designated by the county clerk as successors to the particular office held by the respondent.

The office of justice of the peace is created by section 21 of article 6 of the constitution. Section 32 of the same article provides as follows: "All officers provided for in this article shall hold their offices until their successors shall be qualified, and they shall, respectively, reside in the division, circuit, county or district for which they may be elected or appointed. The terms of office of all such officers, where not otherwise prescribed in this article, shall

be four years." There being no other provision, it follows that the constitutional term of office for a justice of the peace is four years.

It is the appellant's ingenious argument that because the constitution provides that the tenure of office shall continue until his successor is qualified he has at all times been lawfully holding the office since the expiration of his regular term, and that because he has been holding the office during this time there has been no vacancy which would be sufficient to justify a special election. He states in his argument: "When the office is being legally occupied by an incumbent there can never be a vacancy which, under the statute, can be filled by special election." It is his contention that inasmuch as Gaffney failed to qualify, he, the appellant, continued lawfully in the office, and that no special election could be called because there was no vacancy. The mere statement of the contention indicates that it is far more ingenious than meritorious. Ingenious as it is, however, it overlooks certain points. It overlooks the point that Gaffney was elected for the regular term, and that the vacancy is in the term for which Gaffney was elected and not of appellant, whose term had expired, and who had, at most, a mere tenure of office. It also overlooks the obvious fact that the appellee, Rowe, has been elected, qualified and commissioned by the Governor to succeed to the office, and is therefore the *de facto,* and presumptively the *de jure,* officer, and that whatever irregularities there may have been in that election they cannot help the appellant, who on *quo warranto* must justify on the strength of his own title. This argument, which would upset the plain meaning of the constitution, is fully and adequately answered by the appellee, but it is unnecessary for us to go at length into its consideration. The case must be decided here, as it was in the circuit court, upon the pleadings.

The information in this case was filed on June 27, 1933, and charged that the respondent had, for the space of nine

days previous thereto, held and exercised the office of justice of the peace without warrant, right or lawful authority. The appellant for his justification, in response to this information, relied upon two special pleas. Demurrers were filed to these pleas, the demurrers were sustained, and the appellant elected to stand by them, declining to plead further. It is therefore only necessary that we determine the sufficiency of these pleas in order to determine the litigation.

In the first special plea the appellant alleges that he was elected to the office of justice of the peace on April 2, 1929, the same being a regular date for the quadrennial election of justices; that he duly qualified and received his commission from the Governor authorizing him to act as such justice of the peace for the term beginning on the first Monday of May, 1929, and ending on the first Monday in May, 1933, and until his successor should be duly elected and qualified; that he entered upon the duties of the office and occupied the office and performed the duties thereof continuously from the first Monday in May, 1929, up to the filing of the information herein, and still occupies the office and performs the duties thereof; that prior to the first Monday in May, 1933, being the day fixed by law for the beginning of the regular term of the office of justice of the peace, no person had been duly elected or qualified to succeed him therein; that he tendered all of his books and records to the county clerk for the purpose of having them delivered to his successor, if any, in the office, and that the county clerk informed him that there had been no person elected or qualified to assume the duties of the office as his successor, and that thereafter he continued to occupy the office and perform the duties and obligations thereof, as provided by the constitution and laws of the State of Illinois. This plea is obviously bad on its face as not covering all of the time in question. The information alleged the usurpation of the office for a period of nine days prior to the 27th of June, 1933. That prior to the first Monday

in May, 1933, no person had been elected and qualified to succeed the appellant is not an allegation that no person was thereafter duly elected or qualified to succeed him, and the demurrer to the plea was properly sustained.

The second additional plea filed by the appellant seeks to justify by setting out his own title as in the first additional plea, which, as we have held, is not sufficient, and in addition thereto alleges that Rowe has no claim to, or right, title or interest in, the office for certain reasons, particularly that he was elected at a pretended special election held on the fifth day of June, 1933, to fill an alleged vacancy in the office which was then legally occupied by the appellant. The plea goes on to allege the reasons why he contends the election to have been invalid.

In *quo warranto* the burden is upon the respondent to show his title to the office. (*People* v. *Central Union Tel. Co.* 192 Ill. 307; *People* v. *McDonald,* 264 id. 514; *People* v. *Anderson,* 325 id. 464; *People* v. *Flaningam,* 347 id. 328.) To say that Rowe had no claim to the office is clearly insufficient as a justification for the appellant. In *People* v. *Flaningam, supra,* we expressly held that a plea of justification to an information in *quo warranto* must allege the existence and performance of all of the conditions precedent to the defendant's right to exercise the privileges of office, and it must also show that his right to hold such office continues until the time of filing the information. The holding in the case of *People* v. *Anderson, supra,* is to the same effect.

Inasmuch as neither one of the pleas relied upon by the appellant was sufficient, in law, as a justification, the circuit court properly sustained demurrers to them and entered the judgment appealed from.

There being no error in the record, the judgment of the circuit court is affirmed.                *Judgment affirmed.*