(No. 27225.—

NATIONAL BANK OF COLCHESTER, Appellee, *vs.* FRANCIS
B. MURPHY, Director of Labor, Appellant.

*Opinion filed September 24, 1943.*

GEORGE F. BARRETT, Attorney General, (WILLIAM C.
WINES, of counsel,) for appellant.

GUMBART, GRIGSBY & GUMBART, for appellee.

Mr. CHIEF JUSTICE SMITH delivered the opinion of the
court:

This is an appeal by the Director of Labor from a
judgment of the circuit court of McDonough county. This
court has jurisdiction on direct appeal because a constitu-
tional question is involved. Appellee is a national bank,
organized under the National Bank Act. It is engaged in
the operation of a bank at Colchester. Union National

Bank is also organized under the National Bank Act. It conducts a bank at Macomb. The State Bank of Industry is organized under the banking laws of this State. It conducts a bank at Industry.

Appellee paid unemployment compensation for the year 1940, in accordance with the provisions of the Unemployment Compensation Act (Ill. Rev. Stat. 1941, chap. 48, par. 217 *et seq.*) Thereafter, it filed a claim for credit or refund on the alleged ground that an agent of the Department of Labor had improperly advised it, that although it did not, at any time, have six employees, it was liable for the tax. It further alleged in its claim for refund, that the representation was made that because of the fact that certain of its stockholders owned a majority of the stock in Union National Bank of Macomb, which is an employer within the act, appellee was liable for the tax. The claim for refund was heard by an examiner appointed by the Director. A similar claim, based on the same grounds, filed by State Bank of Industry, was heard at the same time. The two claims were consolidated. They were heard and disposed of as one case. The claims for refund were denied. The case was tried before the examiner on a stipulation of facts. On *certiorari* issued by the circuit court of McDonough county under section 25(a)(2), the cause was tried solely on the record made before the examiner. Ill. Rev. Stat. 1941, chap. 48, par. 242 (a)(2).

In order to determine the issues, which were presented to the circuit court by the record certified by the Director as his return to the writ of *certiorari,* it is necessary to examine the stipulation made on the hearing before the examiner. The record shows that the examiner assumed the role of both trial examiner and attorney for the Director. The stipulation was dictated in the record on the hearing. It was taken by the reporter and later transcribed, as a part of the record. The · facts stipulated are that the Union National Bank of Macomb, during the year 1940,

was an employer within the meaning of section 2(e) of the Unemployment Compensation Act (Ill. Rev. Stat. 1941, chap. 48, par. 218(e)); that contributions were paid by that bank, based upon its employment experience during the year 1940; that the State Bank of Industry is a State bank, organized and existing under the laws of Illinois; that the Union National Bank of Macomb and appellee are national banks, organized and existing under the National Bank Act; that the State Bank of Industry is not a branch or subsidiary of Union National Bank or of appellee; that appellee is not a branch or subsidiary of the State Bank of Industry or of the Union National Bank of Macomb; that the employees of appellee render no services for either the Union National Bank of Macomb or State Bank of Industry; that the employees of the State Bank of Industry render no services for Union National Bank of Macomb or to appellee; that neither of the three banks own any stock in either of the other banks; that the Boards of Directors of said banks are, in no case, identical.

During the course of the dictation of the stipulation, the prosecutor-examiner injected into the stipulation at three different points the statement that the three banks "were owned and controlled by the same interests." At the conclusion of the stipulation he made the further observation that the sole issue involved was whether the applicable section of the Unemployment Compensation Act is constitutional, with respect to the facts in the case.

The circuit court held that the banks involved were not "owned or controlled * * * by the same interests," within the meaning of section 2(e)(5) of the act. (Ill. Rev. Stat. 1941, chap. 48, par. 218(e)(5).) He declined to pass upon the constitutional question for the reason that it was unnecessary to do so inasmuch as he had disposed of the case on other grounds. The trial court is criticized because it declined to pass on the constitutional question raised. It is argued that under the stipulation this was

the only question in the case. We do not so regard the stipulation. The statement of the examiner in the stipulation that the only question involved is the constitutionality of section 2(e)(5) of the Unemployment Compensation Act, was merely an expression of his opinion or conclusion as to a question of law. Likewise, his statement that the banks were owned and controlled by the same interests is merely his conclusion. This statement is no part of the stipulation of facts.

It is the province of the courts, in cases brought before them, to determine what the issues are, as well as the legal conclusions which result from the facts stipulated or proved in the record. This case involves important public questions. In such cases, the parties may not stipulate away the rights of the public. No valid stipulation or agreement, as to questions of law or the legal effect of facts, can be made by the parties. (*People ex rel. Reinhart* v. *Herrin,* 284 Ill. 368.) In that case it was said: "It is the duty of the court to determine whether a law is constitutional or not. Courts cannot declare legislative acts unconstitutional on an agreed statement of facts. (*Chicago and Grand Trunk Railroad Co.* v. *Wellman,* 143 U. S. 339.) Neither can they stipulate the legal effect of admitted facts. (*Swift & Co.* v. *Hocking Valley Railway Co.* 243 U. S. 281.) A public law is not the property of any court and cannot be confessed away. (*State* v. *Aloe,* 47 L. R. A. (Mo.) 393.) See, also, substantially to the same effect, *Hutchins* v. *Hanna,* 159 N. W. Rep. (Iowa) 199; *City Council of Denver* v. *Board of Commissioners,* 33 Colo. 1; *Rousseau* v. *American Yeomen,* 177 Mich. 568."

In the case of *Swift & Co.* v. *Hocking Valley Railway Co.* 243 U. S. 281, 61 L. ed. 722, 37 S. Ct. 287, that court said: "If the stipulation is to be treated as an agreement concerning the legal effect of admitted facts, it is obviously inoperative; since the court cannot be controlled by agreement of counsel on a subsidiary question of law. * * *

If the stipulation is to be treated as an attempt to agree 'for the purpose only of reviewing the judgment' below, that what are the facts shall be assumed not to be facts, a moot or fictitious case is presented. 'The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property, which are actually controverted in the particular case before it. * * * No stipulation of parties or counsel, whether in the case before the court or in any other case, can enlarge the power, or affect the duty, of the court in this regard.' *California* v. *San Pablo & T. R. Co.* 149 U. S. 308, 314, 37 L. ed. 747, 748, 13 Sup. Ct. Rep. 876. See *Mills* v. *Green*, 159 U. S. 651, 654, 40 L. ed. 293, 294, 16 Sup. Ct. Rep. 132. The fact that effect was given to the stipulation by the appellate courts of Ohio does not conclude this court. See *Tyler* v. *Judges of Ct. of Registration*, 179 U. S. 405, 410, 45 L. ed. 252, 254, 21 Sup. Ct. Rep. 206. We treat the stipulation, therefore, as a nullity."

The decision of questions of law must rest upon the judgment of the court, uninfluenced by stipulations of the parties or their counsel. This is also true as to legal conclusions arising from the facts involved. The sole issue in this case, which both the circuit court and this court are called upon to decide is whether, under the facts stipulated, appellee and Union National Bank of Macomb were owned or controlled by the same interests, within the meaning of the statute. If we accept the conclusions contained in the stipulation, that they were so owned or controlled, as a part of the stipulation, then there is no question at all in the case. The parties themselves had already determined that question. But the question of whether the two banks were owned or controlled by the same interests is a question of law which must be decided by the courts and not by the parties. The effect of the facts stipulated is a question of law for the decision of the courts. The right and duty of the court to determine that issue on the facts stip-

ulated, or otherwise contained in the record, upon the merits, cannot be affected by the stipulation of the parties. 25 R. C. L. p. 1097, sec. 3; *Union Coal Co.* v. *City of LaSalle,* 136 Ill. 119.

The courts will determine the issues arising upon the facts stipulated, as well as the results flowing therefrom, as a matter of law. The conclusions injected into the stipulation by the examiner cannot be regarded as a part of the facts stipulated. The cause must be determined on the facts contained in the stipulation. The conclusions of law, of the examiner, from the facts stipulated, and his opinion as to the issues involved must be wholly disregarded.

From the facts stipulated, it appears that Union National Bank of Macomb, during the year 1940, had in its employment, six or more employees. It was an employing unit, within the meaning of section $2(e)(1)(B)$ of the act; that during such year, as such employer, it paid the contributions required of it by the act. The stipulation is notably silent as to the number of employees in the employment of appellee at any time. It was further stipulated that appellee was not a branch or subsidiary of Union National Bank of Macomb; that the employees of appellee rendered no services to the Union National Bank of Macomb; that neither of the two banks owned any stock in the other bank, and that the Boards of Directors of the two banks were not identical. This is all there is in the stipulation, except the legal conclusions above referred to and the further statement by the examiner that the only question involved in the case was the constitutionality of section $2(e)(5)$ of the Unemployment Compensation Act.

The order of the Director, which was reviewed by the circuit court, on *certiorari,* denied the claim for credit or refund. The grounds recited in the order denying the claim are stated in the order, as follows: "Liability has

been definitely established under section 2(e)(5) of the Unemployment Compensation Act." That subsection is then set out at length in the order.

The trial court, after a hearing, filed a memorandum opinion in which it found that appellee did not come within the provisions of said subsection of the act relating to common ownership or control. For that reason it found it unnecessary to pass on the constitutional question sought to be raised. Judgment was entered in which the Director of Labor was ordered to refund to appellee the sum of $69.44, that being the amount of the taxes erroneously paid by it. To reverse that judgment, the Director perfected the appeal.

The case has been presented to this court by both sides on the assumption that it was shown in the record that some of the stockholders of appellee also owned a majority of the stock in Union National Bank of Macomb, which did have more than six employees, and was an employing unit under the act. From this assumption it is argued that although appellee never had as many as six employees, it is subject to the tax as an employer, under the common-ownership-or-control clause of section 2(e)(5) of the act. There is no basis in the record for this assumption. There is not a word in the stipulation as to the ownership of the stock of either of the banks, or even on the subject of stock ownership. There is not a scintilla of evidence in the record, either in the stipulation or otherwise, to support the finding of the examiner or Director that the two banks "were owned and controlled by the same interests." It is true the stipulation contains the statement of the examiner that the three banks were owned or controlled by the same interests, already referred to. No facts are found in the stipulation, however, from which his conclusion could be reached, or on which it could be sustained. The result is, that the only effect of the stipulation is that appellee, during the time here involved,

did not have six employees; that it was not a branch or subsidiary of Union National Bank of Macomb; that appellee's employees rendered no services to that bank; that appellee owned no stock in the other bank, and that the Boards of Directors of the banks were not identical. There is no claim that appellee, at any time, had as many as six employees. Upon this showing, appellee was not an employer, subject to the tax. It was clearly entitled to the refund claimed, under section 25(d) of the act. Ill. Rev. Stat. 1941, chap. 48, par. 242(d).

The judgment of the circuit court of McDonough county is affirmed.                    *Judgment affirmed.*