(No. 35923.—

THE PEOPLE *ex rel.* ANNETTE J. MAGNUSON, Appellant, *vs.* FRED W. KRAMER *et al.,* Appellees.

*Opinion filed Jan. 20, 1961.—Rehearing denied March 27, 1961.*

McClory, Bairstow, Anderson & Lonchar, of Waukegan, (Robert McClory, and David K. Anderson, of counsel,) for appellant.

Thomas A. Matthews, Byron S. Matthews, and King, Robin, Gale & Pillinger, all of Chicago, (Willard L. King, and J. William Braithwaite, of counsel,) for appellees.

Mr. Justice House delivered the opinion of the court:

Plaintiff was granted leave to file an action in *quo warranto* in the superior court of Cook County against the officers of the newly organized village of South Barrington questioning the officers' authority to act and challenging the legality of the incorporation and the existence of the village. Upon defendants' motion the trial court vacated the order granting plaintiff leave to file the action, and dismissed her complaint. The appeal is directed to this court because a franchise is involved.

The incorporation proceeding was brought under the provisions of section 3—5 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1957, chap. 24, par. 3—5) which provides:

"Whenever any area of contiguous territory, not exceeding two square miles, and not already included within the corporate limits of any municipality, and no part of which territory lies within one mile of the boundary line of any existing municipality unless the corporate authorities of such existing municipality consent to such incorporation, and has residing thereon at least 100 inhabitants living in immobile dwellings, it may be incorporated as a village as follows:

"Thirty-five electors residing within the area may file with the county clerk of the county in which such area is situated a petition addressed to the judge of the county court.

"The petition shall set forth (1) a definite description of the lands intended to be embraced in the proposed village, (2) the number of inhabitants residing therein, (3) the name of the proposed village, and (4) a prayer that a question be submitted to the electors residing within the limits of the proposed village whether they will incorporate as a village under this Act."

The petition for incorporation was addressed to the county judge of Cook County and was signed by 48 electors. It contained a description of the territory, a statement that more than 100 inhabitants resided therein, the name of the proposed village, and a prayer that the question of incorporation be submitted to the electors. The petition conformed in all respects with the requirements of the third paragraph of section 3—5 except that it did not recite the exact number of inhabitants. There is no merit in the suggestion in the reply brief that the exact number must be given. The recital that more than 100 lived in the territory sufficiently complies with the statute.

Plaintiff contends that the petition was insufficient to give jurisdiction to the county court of Cook County, in that it should have included the factual requirements of the section; *i.e.* an allegation that at least 100 of the inhabitants live in immobile dwellings, and a statement negating the existence of other municipalities within one mile, or alleging their consent.

An examination of section 3—5 leads to the conclusion that the first paragraph sets forth factual requirements, but all that is required to sustain the jurisdiction of the court to entertain the petition are the statements which the statute specifically requires. (*Hook* v. *Wright,* 329 Ill. 299; *Musselman* v. *Paragnik,* 317 Ill. 597.) Since the petition was in the explicit terms of the statute, we are of the opinion that it was sufficient to vest the county court with jurisdiction.

Plaintiff next contends that the court lacked jurisdiction

because the petition contained an error in the description of the boundary line of the village so that it did not close and the territory was therefore not contiguous. The petition as originally filed described the boundary line as follows:

"Beginning at the northwest corner of the intersection of Freeman Road and Mundhank Road for a place of beginning, thence south on the east line of Barrington Road to a point on the south line of the northeast quarter of the northeast quarter of Section 36 * * *"

The mistake in description is evident. The point of beginning is the northwest corner of Freeman Road (running north and south) and Mundhank Road (which runs east and west). The boundary is then described as running south on the east line of the road, which is impossible because the point of beginning was on the west side of the road. Furthermore, Barrington Road cannot be the intended boundary line since it lies a mile west on the west line of section 36, and the first call runs the line to the south line of the northeast quarter of the northeast quarter of section 36, which quarter quarter section is on the east rather than the west side of the section. It is obvious that the description intended was, "thence south on the *west* line of *Freeman* road." If the phrase "on the east line of Barrington Road" is rejected as a phrase of false description, the remaining description is sufficient. This situation falls squarely within the ambit of *People ex rel. Carruthers* v. *Swift, 270* Ill. 532. Under this holding it is unnecessary to consider the contention that the county court had no authority to authorize amendment of the description in the petition.

Plaintiff's final contention that the territory is not contiguous within the meaning of the statute is controlled by our recent decisions in *Western Nat. Bank* v. *Village of Kildeer,* 19 Ill.2d 342, and *People ex rel. Gray* v. *Village of Hawthorn Woods,* 19 Ill.2d 316. The area embraced in the village of South Barrington is extremely irregular but

this, as was held in *Kildeer* and *Hawthorn Woods*, is not a fatal defect. Although there may be problems arising in the administration of such an irregular territory, such matters are the function of the legislature and not the courts.

The judgment of the superior court of Cook County is affirmed.

*Judgment affirmed.*