People of the State of Illinois ex rel. the County of Du Page, a Body Politic and Corporate, Plaintiff-Appellant, v. John B. Lowe, et al., Defendants-Appellees.

Gen. No. 65–32.

Second District.

February 7, 1966.

William V. Hopf, State's Attorney, and Edgar J. Elliott, Assistant State's Attorney, both of Wheaton, for appellant.

Samuel A. La Susa and Dom J. Rizzi, both of Chicago, for appellee.

MR. PRESIDING JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal by the People from an order entered by the County Judge in a quo warranto proceeding

finding that the defendants were in all respects the lawfully elected officials of the Village of Weston.

Proceedings for incorporation as a village were had in the early part of 1963, pursuant to the Illinois Municipal Code, Illinois Revised Statutes, 1961, chap 24, sections 2–3–5 and 2–3–6. On April 26, 1963, the County Judge entered an order on the petition filed for an election which set forth the date of the election, polling places and the usual provisions required in calling a special election and further found that the petitioners had complied with the foregoing sections. The order failed to make a finding that the area sought to be incorporated was a village in fact. The testimony offered at the hearing to substantiate the allegations of the petition was restricted to the requirements set forth in section 2–3–5, supra.

Section 2–3–6, supra, as amended by the Legislature in 1959, and contained in the Illinois Municipal Code, reads as follows:

> "Upon the filing of such a petition with the county clerk, the county judge shall hear testimony and rule that the area under consideration is or is not a village in fact. The ruling of the judge shall be entered upon the records of the county court. If the judge rules that the area does not constitute a village in fact, the petition to incorporate the area as a village is denied. . . ."

It is contended that a compliance with all of the factual requirements set forth in section 2–3–5 fulfills the Legislative concept of a village in fact and that section 2–3–6 merely prescribes the duties of the County Judge and is a mere procedural section, an amendment to which does not change an existing substantive section of the same statute.

■ It appears to us that the Supreme Court has indicated a contrary opinion in Western Nat. Bank of

Cicero v. Village of Kildeer, 19 Ill2d 342, at Page 353, 167 NE2d 169, which was decided on the statute before the amendment, wherein the Court stated:

> "The first mention of 'village in fact' in the statutes of this State occurred in 1959 when the General Assembly amended section 3–6 of the Revised Cities and Villages Act to provide that upon the filing of the petition for incorporation the county judge shall hear testimony and 'rule that the area under consideration is or is not a village in fact'. (Ill Rev Stats 1959, chap 24, par 3–6.) We believe that the meaning of sections 3–5 and 3–6 as they existed prior to 1959 is indicated by the action taken by the legislature in 1959 when it amended section 3–6 to add the 'village in fact' concept.

> "The interpretation placed upon a statute by the legislative department may go far to remove doubt as to its meaning, and it is proper for us to consider the subsequent amendment to a statute in determining the intent and meaning of the statute prior to amendment. (50 Am Jur par 337, pp 238 and 239; First Nat. Bank v. Missouri, 263 US 640, 68 L Ed 486; Domarek v. Bates Motor Transport Lines, (7th cir) 93 F2d 522; State Tax Comrs. v. Holliday, 150 Ind 216, 49 NE 14.) The addition of a new provision in a statute by amendment is an indication of the absence of its implied or prior existence. Shine v. John Hancock Mutual Ins. Co. 76 RI 71, 68 A2d 379."

We interpret this language to indicate the concept of a "village in fact" is now the requirement for the incorporation of a village.

■■■■ It is next urged that the order of April 26, 1963, finding that compliance was had with section 2–3–6 is manifestly clear in that before ordering the election

the county judge did determine that the area was a village in fact. Our attention is called to Smith v. Smith, 36 Ill App2d 55, at page 59, 183 NE2d 559:

> "If a court signs an order which includes the words 'the court was fully advised in the premises,' we conclude, in the absence of any contrary indication in the order or in the record, that the court heard adequate evidence, received enough information or listened to sufficient law and argument, as the necessity of the particular case required, to enable the court to reach what it believed to be the right decision on the issue presented."

This case was a divorce proceeding where the Chancellor acted in a judicial capacity. The role of the court in a proceeding of this nature is administrative. In establishing a municipal corporation the County Court derives its jurisdiction from the statute alone. No presumption arises to support its action in any particular. The conditions of the statute authorizing the creation of the municipal corporation must be complied with in the manner prescribed by statute, else the court is without jurisdiction. . . . People ex rel. Moran v. Telois, 20 Ill2d 95, at page 99, 169 NE2d 232.

Lastly, defendants urge that the Village of Weston has been incorporated within the spirit, object and meaning of the statute. We can only answer this by stating that a plea of justification to an action in quo warranto must allege the existence and performance of all of the conditions precedent to the defendants' right to exercise the privilege of office. People ex rel. Moran v. Telois, supra. We conclude that defendants' plea of justification, entitled "Further Defense," is totally lacking in facts to establish the "village in fact" concept as required by section 2–3–6, supra. Where justification is attempted, defendants must aver by their plea, all

necessary facts to show their lawful authority to wield the powers exercised by them. Their statement in such plea, that the County Judge found "that a village in fact did exist,"—when the record shows that the order of the County Court did not contain such finding—is a conclusion of the pleader and fails to support the defendants' plea of justification. People v. Sackett, 351 Ill 363, 369, 184 NE 646.

The matter is therefore reversed and remanded with directions to enter an Order of Ouster.

Reversed and remanded with instructions.

DAVIS and MORAN, JJ., concur.