In the Matter of the Petition for the Establishment of a Fire Protection District To Be Known as the Cincinnati Fire Protection District.

Gen. No. 68–13.

Third Judicial District.

June 28, 1968.

Rehearing denied October 7, 1968.

Moehle, Moehle & Reardon, of Pekin, for appellants.

Frings, Hoffman & Bagley, Harold H. Kuhfuss, and Alfred W. Black, of Pekin, for appellees.

SCHEINEMAN, J.

The appellants filed a petition in the Circuit Court of Tazewell County to establish what was to be called the Cincinnati Fire Protection District. Some landowners filed objections and moved to dismiss the petition, which motion was allowed after hearing evidence, and this appeal followed.

Chapter 127½, section 21, of Illinois Revised Statutes, provides a method for organizing such a district, and paragraph 5 thereof directs that included territory must contain "no territory included in any other fire protection district." Whether the petition violates this directive is the question in this litigation. If the petition is sustained, an election is called and, if the proposal carries, the court must enter an order in its records and supply a copy with the plat to the county clerk and to the Department of Public Safety.

The dispute narrows down to the Southeast quarter of Section 22, which is included in the description of the proposed district. It is owned by Roy H. Lowry, who is the county clerk of Tazewell County.

The objectors introduced in evidence a certified copy of a court order entered in Mason County, together with the accompanying plat, which established the Forman Fire Protection District, part of which is in Tazewell County. The written description states: "including all of Section 22 except the fractional northwest quarter thereof."

The plat was not the work of a person trained in mapping or mechanical drawing. It is quite crude but it does indicate that the property owned by Mr. Lowry was included in the Forman Fire Protection District.

The appellants argue that descriptions of municipalities undoubtedly are not construed with the same strictness as are those contained in deeds and mortgages, citing People ex rel. Village of Worth v. Ihde, 23 Ill2d 63,

33

177 NE2d 313; People v. Knapp, 28 Ill2d 239, 190 NE2d 774; People ex rel. Curtin v. Heizer, 71 Ill App2d 6, 218 NE2d 11, and others. It is asserted that the written description of the Forman District can be regarded as sufficient by following these precedents.

The rule is correctly stated but it has no application to this case. The precedents did not contain any assertions that the statutory mandate was violated as in this case. Here, the court did not dismiss the petition because any description was insufficient, but solely because the Court found that the proposed district included territory already in the Forman District.

██ The appellants also contend that the plat should be rejected and the written description preferred. The authorities cited do not announce this as a general principle of law; there are cases where the plat was ambiguous but a written description was not, and in such a case the court follows the accurate description and ignores that which contains errors.

The converse is also true. Thus, a description used a river as a boundary, but did not specify which bank, or the center of the stream, was the actual line. The plat depicted the boundary along a bank of the river, so the court held that the plat must be taken as indicating the true boundary. People ex rel. Gray v. City of Rockford, 41 Ill App2d 378, 190 NE2d 603.

██ The plat in the case at bar shows a complete enclosure and includes a substantial part of the Southeast quarter of Section 22, at least the west half thereof. In this condition of the record, the court was justified in finding that the petition violated paragraph 5 of the Statute first above quoted.

██ When it appears that the proposed district described in the petition includes lands already a part of a fire protection district, the court must dismiss the petition and has no power to act otherwise. People ex rel.

34

Curtin v. Heizer, 36 Ill2d 438, 223 NE2d 128; People ex rel. Goldsberry v. Zoller, 337 Ill 362, 169 NE2d 228.

In the Heizer case the petition included a small tract of land in the State of Missouri which made the petition defective. The opinion cites the Zoller case and others of similar import, and holds the same principle is involved. The court lacks jurisdiction where some of the land is already included in another similar district, the same as it lacks jurisdiction because of some land being outside of the state. It follows from these precedents, that in the present case, the court had no jurisdiction to do anything else than dismiss the petition.

The petitioners called Roy H. Lowry as a witness and asked him whether, as county clerk, he had ever extended taxes for the Forman Fire Protection District against the Southeast Quarter of Section 22, also, whether as owner thereof, he had ever paid such taxes, or had ever received any benefit from the said district. The court sustained objections to these questions and these rulings were assigned as error.

The order of the Mason County court established the existence of the Forman Fire Protection District and, with the aid of the accompanying plat, fixed its boundaries. This was determinative of the issue in the case and the offered testimony of the witness as to his recent activities would be immaterial to any issue before the court. Its exclusion was not error. The judgment of dismissal is affirmed.

This opinion is amended in minor details on rehearing, and the petition for rehearing is denied.

Judgment affirmed.

STOUDER and ALLOY, JJ., concur.